ELMER R. JOHNSON, Guardian of the Person and Estate of Ruby O. Johnson, a Minor, Respondent, v. FEDERAL LIFE INSURANCE COMPANY, a Corporation, Appellant.

(234 N. W. 661.)

Opinion filed February 3, 1931.

*Harold B. Nelson (J. F. Kutak,* of counsel), for appellant.

398

*Senn, Casey & Jongewaard,* for respondent.

BIRDZELL, J. This is an action on an accident policy issued to one Alfred R. Johnson. At the conclusion of the trial in the district court each of the parties moved for a directed verdict in his favor, whereupon with the consent of the parties the jury was discharged and thereafter the court made findings of fact and conclusions of law favorable to the plaintiff. From a judgment entered thereon the defendant appeals. No question was raised either at the trial or in this court concerning the liability of the defendant to the extent of $1000, the single principal sum of the policy, which amount was tendered. The question is as to the application of the double indemnity provision.

The insured, Alfred R. Johnson, was a grain buyer in charge of an elevator located at Hong, North Dakota. On Saturday evening, April 21, 1928, he and a companion, Oscar Larson, drove to Wolford, North Dakota, in a coupé belonging to the latter and they remained at Wolford until approximately two o'clock a. m. of the following day. At about daylight Sunday morning the car was discovered standing in a mudhole about two and one-half miles southwest of Wolford. The motor was running and upon inspection it was ascertained that both the insured and Oscar Larson, the occupants of the car, were dead.

The question that is presented for decision arises upon the following language in the double indemnity provision of the policy: "If such injury is sustained: (1) While the insured is riding in or driving a privately owned automobile of the pleasure car type. . . ." The contention is made that the facts and circumstances are such as to show the death of the insured did not occur while he was riding in or driving an automobile. It is said that the burden of proof was · upon the plaintiff to bring the insured within the double indemnity

provision, that the evidence fails to sustain this burden and on the contrary shows that he was not riding in or driving a privately owned automobile at the time of his death. The following circumstances are relied upon as showing this provision not to be applicable. At the time of the discovery of the car it was standing in a puddle in the road at a place where the road was covered with water for some distance. The water was deep enough to cover the running boards and hubs but not deep enough to cover the floor boards in the car. The night had been chilly, the occupants were clothed with overcoats, mittens and caps. The insured, deceased, when found was sitting in the seat next to the driver. The car was equipped with a heater. It was out of gear, the motor was still running, and death was caused by the inhalation of carbon monoxide gas. The water extended on either side of the car so far that it was doubtful if one railroad tie would be of sufficient length to reach from the shore to the running board of the car. From these circumstances the argument is made that the car was driven into the mudhole, but that the occupants did not meet death while it was being driven into the place where it was found, as is shown by the fact that it was out of gear when found. In other words, conscious effort had been employed to cease driving the car. That the remaining circumstances reasonably indicate that death overtook the occupants while they were using the car merely as a convenient and comfortable place in which to rest while waiting for daylight or the discovery of a means to extricate themselves from the difficulty they had encountered. It is said the fact that death was caused by carbon monoxide gas is in itself a circumstance indicating that the car was not being driven at the time, for the reason it is highly improbable that such gas would accumulate in the body of a car in sufficient quantity to cause death while the car is being driven and in motion.

It will be noted that the contentions of the appellant rest upon a close literal construction of the policy. It seems to be assumed that one can not be riding in a car unless the car is in motion and that the instant it stops he ceases to ride. The argument negatives any connotation of the word "riding" which would include the mere sustaining of the insured during a period when the car might be stopped on account of some obstacle interfering with the progress of the journey.

We are of the opinion that under a reasonable construction the language of the policy conveys such a meaning. It is intended, as we read it, to give double indemnity to an insured on account of any loss resulting from personal bodily injury caused by the happening of a purely accidental event while the insured is subject to a hazard incident to riding in or driving a privately owned automobile. To exclude the inhalation of carbon monoxide gas during a period when the car is stalled in a mudhole on the theory that motion had ceased would be not merely to adopt a narrow meaning of the language of the contract but to actually deprive the words used of a portion of their ordinary meaning. The occupant of a car while it is stalled in a mudhole, particularly during a time when means of escape in comfort may well appear to be lacking, is still riding in the car in quite the same sense as a passenger upon a steamship at anchor may be riding the waves. It has been held that injuries sustained by one in leaping from an automobile in the hope of avoiding impending danger fall within such a provision (see Wright v. Ætna Ins. Co. (C. C. A. 3d) 46 A.L.R. 225, 10 F. (2d) 281), and that one injured in the act of getting out of his car by stepping upon a brick or some other object on the ground was within such a provision (Southern Surety Co. v. Davidson (Tex. Civ. App.) 280 S. W. 336). With reference to the contention that the coverage stopped when the car had ceased to move, the court in the latter case said (page 337):

"It is true that the automobile that appellee was driving or operating at the time had ceased to move when he undertook to go therefrom, but the terms of the policy did not limit appellee's liability to an injury only when the automobile was in actual motion. The policy is to be construed more strongly against appellant, and, had it been the intention to limit the benefit to the insured only while he was moving in his automobile, it must be presumed that it would have been so stated in the contract."

See, as further tending to support our conclusion, May, Ins. 2d ed. § 524; 5 Couch, Cyc. Ins. Law, § 1151j.

It follows from what has been said that the judgment appealed from is right and it is affirmed.

CHRISTIANSON, Ch. J., and NUESSLE, BURR and BURKE, JJ., concur.