## DORSEY v. FIDELITY UNION CASUALTY CO.

### No. 1179.

Court of Civil Appeals of Texas. Waco.
June 30, 1932.

Rehearing Denied Sept. 22, 1932.

Ward & Ward, of Cleburne, for appellant.
Collins & Houston, of Dallas, for appellee.

ALEXANDER, J.

This action was brought by William R. Dorsey against the insurance company to recover on an accident insurance policy. The case comes to this court on an agreed statement of facts. The policy sued on provided: "Fidelity Union Casualty Company * * * does hereby insure * * * against the losses and liabilities hereinafter specified which result, exclusively of all other causes, from accidental bodily injuries sustained by the insured during the life of this policy, * * * and which bodily injury is sustained only as

the result of operating, driving, riding in or on * * * an automobile."

While the policy was in force, the insured, William R. Dorsey, and a companion went in an automobile to the country to hunt ducks. After hunting awhile, they returned to the car with their guns for the purpose of entering the car and returning to the city. The insured entered the automobile and took his place in the driver's seat at the steering wheel for the purpose of starting the automobile and returning to the city. His companion, before entering the automobile and for the purpose of preparing his gun to be loaded into the car, undertook to remove the shells therefrom, and in doing so the gun was accidentally discharged and the insured was shot in the leg, necessitating the amputation thereof. At the time the shot was fired, the companion, who was holding the gun, was standing on the ground and was away from and not touching the automobile, and the gun did not in any manner come in contact with the automobile. The trial court denied a recovery, and the plaintiff appealed.

 The policy insures against such injuries as are sustained only as the result of operating, driving, riding in or on an automobile. The parties, under the authority of Southern Surety Co. v. Davidson (Tex. Civ. App.) 280 S. W. 336, concede that the insured at the time of the injury was engaged in operating, etc., an automobile. It will be noted that the policy does not require that the injury be the proximate result of operating or riding in the automobile, but only requires that it be the result thereof. Following the well-established rule, the policy must be construed most strongly against the insurance company, and, since the insurance company did not otherwise restrict the terms thereof, the insured is entitled to recover, if his injury was the result of operating or riding in the automobile, even though it was only a remote result thereof. Panhandle Steel Products Co. v. Fidelity Union Casualty Co. (Tex. Civ. App.) 23 S.W.(2d) 799.

The only question to be determined is whether the injury was sustained only as the result of operating or riding in an automobile. "Result" is defined by the Standard Dictionary as: "The outcome of an action, course, process or agency, whether direct or indirect, casual or rational; consequence; effect; conclusion."

It is well known that certain dangers are peculiar to the doing of certain acts. The doing of certain things or the performance of certain services naturally exposes the one performing such acts to the danger of being injured by third parties as an incident thereto; and, if one is so injured while performing such service, and if it can be said that the danger of being so injured while performing such act is so closely connected with the doing of the act that it could reasonably have been anticipated as one of the dangers incident to the doing of the act, then the injury is one of its consequences, and is a result thereof. To illustrate, in each of the cases of Ætna Life Ins. Co. v. El Paso Electric R. Co. (Tex. Civ. App.) 184 S. W. 628, and Ocean Accident & Guarantee Corp. v. Northern Texas Traction Co. (Tex. Civ. App.) 224 S. W. 212, the employer carried insurance against injury to his employees as the result of the performance of certain labor. On account of the character of the work that was being performed, the employees were exposed to the danger of being negligently struck by street cars. In each of those cases the court held that, where the employee was so injured while performing such work, the injury was the result of the doing of the work, even though it was caused by the negligence of a third party, the street car motorman.

In order for an injury to be the result of operating or riding in an automobile, it is not necessary that the automobile be the agency that sets in motion the act which causes the injury. It is sufficient if the use of the automobile in the manner and for the purpose for which it is being used reasonably and naturally exposes the driver or occupant thereof to the danger of being so injured as a consequence of such use. There are certain well-known dangers, from wholly independent sources, to which everyone is naturally exposed, without fault on his part, in using an automobile. For example, he may be injured by gravel thrown into the car by other vehicles or he may be struck by other cars negligently operated. Automobiles and trucks are sometimes used for the transportation of freight, and the operator thereof or those riding therein may be injured as the result of the loading of the freight into the car or the unloading of the freight therefrom. Loading or unloading of freight is a part of the use of the conveyance, and, if one while so riding in or operating it is naturally exposed to such danger and is injured thereby, he is injured as the result of operating or riding in the conveyance. Panhandle Steel Products Co. v. Fidelity Union Casualty Co. (Tex. Civ. App.) 23 S.W.(2d) 799.

In the case at bar, the parties had gone to the country for the purpose of hunting ducks, and intended to return to the city. The automobile was being used as a mode of conveyance, and Dorsey was the operator thereof. It was contemplated that the car would be used not only to convey the parties but their guns and ammunition. It was necessary that the guns be loaded into the car if they were to be transported to the city. Dorsey was in the car waiting for it to be loaded and for the purpose of driving it to

the city as soon as the guns had been placed therein. The companion who fired the gun was not a stranger to the transaction, and he did not appear on the scene by accident. He and Dorsey were engaged in a common purpose with a common design, and were working in co-operation with each other. The transportation of the guns was a part of the common purpose. The companion was removing the shells from the gun for the purpose of loading it into the car in keeping with the common design. The removing of the shells from the gun was so closely connected with the loading thereof into the car as to constitute a part thereof. Dorsey by riding in the car and operating it for the purpose for which it was being used, to wit, the hauling of the men and their guns, was thus brought into close proximity to the gun and exposed to the danger of being injured thereby while the guns were being prepared and loaded into the car. Such danger was necessarily incident to the use of the car for the purpose for which it was then being used, and the injury was one of the consequences of such use. We therefore hold that the insured was injured as the result of operating or riding in the car, and is entitled to recover the amount stipulated in the policy.

■ The next question to be considered is whether or not the insurance company is liable for the penalty and attorney's fee as provided in Revised Statutes, art. 4736. It is agreed that more than thirty days prior to the institution of suit written demand was made upon the insurance company and payment refused, and that $500 is a reasonable attorney's fee. The appellee is a casualty company incorporated under chapter 18, title 78, of Revised Statutes (articles 4989–5012), and is authorized to do a casualty insurance business, including that of writing accident insurance as provided in Revised Statutes, art. 4989, subd. 1. It is engaged in writing accident insurance, but the record does not disclose whether or not it actually writes any other kind of insurance.

Revised Statutes, art. 4736, provides in substance that in all cases where a loss occurs and a health, life, or accident insurance company liable therefor shall fail to pay same within thirty days after demand, such company shall be liable for the attorney's fee and penalty provided by the statute. Article 4716 defines an accident insurance company as follows: " * * * An accident insurance company shall be deemed to be a corporation doing business under any charter involving the payment of money or other thing of value, conditioned upon the injury, disablement or death of persons resulting from traveling or general accidents by land or water. * * *"

The appellee's charter states that its purpose, among other things, is: "(a) To insure any person against bodily injury, disablement or death resulting from accident and against disablement resulting from disease."

While the appellee was incorporated under the chapter for the incorporation of casualty companies, and is generally classified as a casualty company, yet it is a corporation doing business under a charter involving the payment of money, conditioned upon the injury, disablement, or death of persons resulting from accidents, and therefore comes within the definition of an accident insurance company as defined in article 4716. The policy herein sued upon is an accident contract, and the appellee, therefore, is subject to the penalty provided for in article 4736.

■ While articles 4716 and 4736 were originally parts of the act of 1909, chapter 108, which, according to its caption, was enacted only for the purpose of regulating life, health, and accident insurance companies, these articles were brought forward in the codifications of 1911 and 1925, and now form parts of the title regulating insurance companies generally, and are to be construed according to the terms of the articles as written, and are not to be limited by the caption of the original act. American Indemnity Co. v. City of Austin, 112 Tex. 239, 246 S. W. 1019. Article 4736 is therefore applicable to any accident insurance contract issued by any company coming within the definition of an accident insurance company as defined in article 4716. Any other construction would be discriminatory, and would seriously challenge the validity of article 4736. To illustrate, if we were to adopt the construction contended for by appellee, a company could be incorporated as a casualty company with the authority to do a general casualty insurance business, including that of writing accident insurance, and could do an accident insurance business only, and its contracts would not be subject to the penalty, whereas, if it was incorporated for the purpose of doing an accident insurance business only, its contracts would be subject to the penalty. Such a construction would necessarily be unfair and discriminatory.

The judgment of the trial court is reversed, and judgment here rendered for the appellant against the appellee for the sum of $2500, as provided for in the policy, with 6 per cent. interest from April 8, 1931, together with 12 per cent. penalty and $500 attorney's fees, as provided for in article 4736.