**PROVIDENT LIFE & ACCIDENT INS. CO. v. NITSCH.**

No. 9805.

Circuit Court of Appeals, Fifth Circuit.

Nov. 19, 1941.

Harold K. Stanard, of San Antonio, Tex., for appellant.

Ben S. Morris and R. P. Ingrum, both of San Antonio, Tex., for appellee.

Before FOSTER and HUTCHESON, Circuit Judges, and DAWKINS, District Judge.

HUTCHESON, Circuit Judge.

Brought by the husband and beneficiary of Louise Nitsch, deceased, the suit was for the principal sum payable under an automobile accident policy covering death sustained by accidental means by the insured, "while driving, riding in or on * * * an automobile." The claim was that while gathering their effects, including a pistol carried in the glove compartment of the car, in preparation for leaving the automobile, which plaintiff, who was driving, had just brought to a stop off their driveway, the deceased was accidentally shot.

The primary defense was that the automobile had come to a stop, on plaintiff's premises, the journey ended, and it could not be said that the deceased was driving or riding in the car within the policy coverage. There were these further defenses; that the death was not accidental; that proof of loss had not been furnished; and that the policy covered only hazards incident to or arising out of the use of the automobile, and did not cover gun shot wounds. The case was tried to a court without a jury and the evidence in, there were findings of fact[1] and a judgment for plaintiff.

Appellant is here insisting that the finding that proofs of loss were timely and adequately furnished is not supported by

---

[1] Findings of Fact.

1. On the 11th day of January, 1929, Southern Surety Company issued a non-cancellable automobile accident policy to Mrs. Louise Nitsch which accident policy was Number NA-946959, which insurance policy was on the 11th day of January, 1932, assumed by The Provident Life and Accident Insurance Company of Chattanooga, Tennessee, the defendant in the above cause, by which assumption the defendant assumed all liability of the above accident policy, subject to all of the terms and conditions of said policy.

2. I find that in the pertinent insurance clause of said policy the said company issuing the policy and the defendant herein, in the assumption, as above, stated, insured Mrs. Louise Nitsch

"Against—

"The effects resulting exclusively of all other causes from bodily injury sustained by the Insured during the life of this policy solely through external, violent and accidental means, and which bodily injury is sustained by the Insured while * * * riding in or on * * * an automobile * * * said bodily injury so sustained being hereinafter referred to as 'such injury' as follows:

"Section 3. Loss of Life.

"(a) The Company will pay Five Thousand Dollars ($5,000.00), in lieu of other indemnity, if 'such injury' within thirty days from the date of the accident shall result in the loss of life."

3. I find that the insured at the time of her death had not violated any of the

the evidence, and that the findings of fact as to the nature and circumstances of the death do not support the judgment. We cannot agree with these contentions. As to the issue of proofs of loss, appellant concedes that such proofs, as were filed, were filed in time. It insists, however, that the proofs as tendered do not make out a case of accidental death within the policy cover- age. This if so, is wholly immaterial. It is sufficient if notice of the circumstances of the injury is given with sufficient particularity to call to the insurer's attention that a loss has occurred. It is not necessary that proofs, like a pleading, be able to withstand a demurrer. If the insurer desires additional proofs it should ask for them.[2]

general provisions set out in Section 11 of the policy.

4. I find that Mrs. Louise Nitsch, the insured, and Ben J. Nitsch, the plaintiff in this case, were husband and wife at the time of the issuance of said policy and that Ben J. Nitsch was made the beneficiary of said policy and that they were husband and wife at the time of the death of the insured, hereinafter stated.

5. I find that Mrs. Louise Nitsch, the insured in said policy came to her death on the 15th day of July, 1939, just off the driveway of their home, in Bexar County, Texas, as shown by the evidence under the following conditions. From the evidence and the case in connection therewith, I am of the opinion that the Court is warranted in holding as a matter of fact that it is shown that Mrs. Louise Nitsch came to her death through the effects of a pistol shot wound, sustained by her during the life of the policy and while the policy was in good standing. That the death resulted from external violence through accidental means. In other words, I hold that with respect to the evidence in this case, the evidence shows that she came to her death, within the purview of the policy, by accidental means and while she was sitting in an automobile.

6. I find as a matter of fact that she was accustomed to go with her husband on business trips to the country through Bexar and Medina Counties. That on these trips, by virtue of the nature of her husband's business, he carried sums of money and for the purpose of protecting himself he carried his pistol, which was a 41 caliber gun mounted on a 45 frame, in the glove box of the automobile. The fact that he carried this gun was well known to his wife, as well as to his daughter, both of whom had frequently placed the pistol in the glove box and had frequently removed it therefrom. That on the return of Mr. and Mrs. Nitsch to their home, on July 15, 1939, from a trip to Medina County, the automobile was driven back of the house and turned off the driveway leading to the garage, for the purpose of parking said automobile, as the garage was occupied by a truck. Immediately after parking the automobile, Mr. Nitsch, who was driving, opened the automobile door on the left-hand side, got out on the running board and was reaching back for certain supplies he had in the back of the automobile, when he heard the door of the glove box fall open, saw a flash and heard a shot. The evidence shows that Mrs. Louise Nitsch, the insured, was shortly found to be dead and a bullet wound was found through the middle of her breast. The testimony of one of the witnesses was that the shot ranged upward and came out of her back.

7. I further find that the period of time which elapsed between the time the parties arrived at their home and the automobile was parked and the accident took place was very brief, possibly not exceeding a few seconds or a minute or so at the outside. I further find that Mrs. Louise Nitsch, the insured, had not opened the right-hand door to get out and after the shot she was sitting erect, with her head dropped back, in the right front seat of the automobile, facing the glove box, dead.

8. I further find as a matter of fact that the accident was reported to the defendant in proper time and the defendant was thoroughly apprised of the happening of the accident and the claimed nature thereof, and afterwards was furnished with the usual and customary proofs of loss and that demand was made upon the defendant to pay the claim and the defendant refused to pay.

9. If I have not already done so heretofore, I now find as a matter of fact that from all the evidence in this case, the insured, Mrs. Louise Nitsch, on July 15, 1939, came to her death, resulting exclusively of all other causes, and solely through external, violent and accidental means, as the result of a pistol shot, and which bodily injury was sustained by the insured while sitting in an automobile which had just come to rest after a journey and before she had had a reasonable time to get out.

[2] 1 C.J., Accident Insurance, pp. 476, 477, §§ 188, 192; American National Ins. Co. v. Callahan, Tex.Civ.App., 51 S. W.2d 1083; International Travelers' Ass'n v. Marshall, Tex.Civ.App., 94 S. W.2d 558.

■ We think it clear too that the findings of fact fully support the judgment. In its insistence that the proof of accidental death is not made out, under the authorities it cites, appellant, we think, confuses this case with those where the evidence shows death from a gun shot wound self inflicted, and no more. This is not at all such a case. Here the circumstances relied on to prove death present a state of facts not only consistent with the theory of accidental death but wholly inconsistent with any other. In the many cases decided by this court, pains have been taken to point out the difference between the situation where the question of accidental death comes up on the defense of suicide where the suit is on a life policy, and where it comes up on a suit on an accident policy alleging accidental death. In the first class of cases, the burden is on the defendant to prove suicide and there is a presumption against it. In the second class the burden is on the claimant to show not merely that there was death by violence but that the violence was accidentally rather than intentionally inflicted. But it has never declared that this cannot be shown as well by circumstantial as by direct evidence. It has on the contrary made it clear that in determining whether or not a case of accidental death is made out, circumstances are as important as direct evidence. In the light of these established rules, the ultimate finding that the death was accidental finds ample support indeed, a finding that it was not, would, we think, do violence to, the evidence.

■ Appellant's second point, that the only risks insured against are those arising out of and incident to the operation of an automobile, is determined against him on the face of the policy. The language it uses is not "as the result of", but "while" riding, etc.

"While" is a word of time and not of causation. A policy so written insures against all injuries occurring during the period covered. American Fidelity Ins. v. Echols, 56 Okl. 228, 155 P. 1160, L.R.A. 1916D, 1176. Even where the policy uses the term "as the result of" operating, driving, riding in or on an automobile, it is held in Texas that a gun shot wound, suffered while sitting in the automobile preparatory to starting it, is within the policy coverage. Dorsey v. Fidelity Union Casualty Co., Tex.Civ.App., 52 S.W.2d 775.

■ Its final point that because the automobile had come to a stop, the deceased was not, within the policy coverage, riding in it, is equally without merit. It would be difficult, we think, to conceive of a case more clearly that of riding in an automobile than the one at bar, unless indeed, the coverage must be considered as clipped at both the starting and the arriving end of a journey, so that on the one hand, it does not take effect until the car starts rolling, and on the other, it becomes ineffective the moment motion ceases, though in the first case, the insured has gotten into the car which is just about to move and in the second case the insured has not gotten out of the car which has just come to a stop.

If this construction were right, insured would not be covered while getting into or out of the car for the purpose of riding, and the policy would be required to ˏread as though, in lieu of the words used, there appeared in it, the words "while the car is in motion." Appellant's theory, carried to its logical conclusion, would require an occupant of an automobile who desired coverage to sit poised for instant flight from the car as soon as motion ceased, and might also involve some quite close distinctions as to the precise point when the motion ceased. This is an unreasonable construction which finds itself supported neither by reason nor by the authorities appellant cites.[3] The facts of none of those cases were like those here. Authorities more in point which fully sustain the conclusions and judgment are set out in the margin.[4]

The judgment is affirmed.

3 Field v. Southern Surety Co. of New York, 211 Iowa 1239, 235 N.W. 571; Mould v. Travelers' Mutual Cas. Co., 219 Iowa 16, 257 N.W. 349; Wertman v. Michigan Mutual Liability Ins. Co., 267 Mich. 508, 255 N.W. 418; Eynon v. Continental Life Ins. Co. of Missouri, 252 Mich. 279, 233 N.W. 228.

4 6 Blashfield, Cyclopedia of Automobile Law and Practice, § 4126, p. 474;

Southern Surety Company v. Davidson, Tex.Civ.App., 280 S.W. 336; Dorsey v. Fidelity Union Cas. Co., Tex.Civ.App., 52 S.W.2d 775; Wright v. Ætna Life Ins. Co., 3 Cir., 10 F.2d 281, 46 A.L.R. 225; Johnson et al. v. Federal Life Ins. Co., 60 N.D. 397, 234 N.W. 661; Alice Aschenbrenner v. United States Fidelity & Guaranty Company, 292 U.S. 80–86, 54 S.Ct. 590, 78 L.Ed. 1137.