**STANDARD LIFE & ACCIDENT INSURANCE COMPANY, Appellant,**

v.

**May HARDEE, Appellee.**

**No. 7171.**

Court of Civil Appeals of Texas.

Texarkana.

Dec. 8, 1959.

Rehearing Denied Dec. 29, 1959.

Kenley, Sharp, Ritter & Boyland, Long-view, for appellant.

Davis Bailey, Carthage, for appellee.

CHADICK, Chief Justice.

This is a suit by the beneficiary to collect proceeds of an accidental death indemnity policy. The judgment of the trial court awarding the beneficiary recovery of $2,000, penalty of $240 and attorney's fee of $500 is affirmed.

The deceased, John A. Hardee, was engaged in hauling pulpwood using a flat-bed, long-wheelbase truck with rear dual wheels. The deceased in maneuvering the truck in the woods accidentally backed the left rear dual wheel into a stump hole and was unable to pull the truck out by its own power. With the assistance of two employees, two

poles approximately eight inches in diameter and 10 feet long were placed in a trench dug parallel to the truck body in front of each of the rear duals. The poles were so situated on each side of the truck that they lay parallel to the truck body and formed a surface for the duals to run upon. A chain was tied to the front end of each pole and secured in between the rims of each dual wheel. The deceased then re-entered his truck but was still unable to move it by its own power. He alighted from the truck cab and with the assistance of his employees unloaded the pulpwood from the truck. While the deceased was still standing in the truck bed, his son entered the cab and engaged the clutch in an effort to move the stalled truck. This action by the son did not cause the truck to move; instead, the right rear wheel began spinning. As the right rear wheel spun, the chain was reeled in, pulling the pole to which it was attached under the wheel and then flailing the pole toward the front of the truck. While thus attached to the chain and the wheel, the pole struck the deceased a fatal blow as he stood in the truck bed near the right front side.

The policy issued by the insurance company contained the following provision:

> *Part One.* "Against loss from accidental bodily injury sustained while driving or riding within any automobile, truck or bus for business or pleasure during the terms of this policy, provided such bodily injuries are caused solely by reason of an automobile, truck or bus accident."

As indicated, the trial judge rendered judgment for the beneficiary and filed findings of fact and conclusions of law in support of his judgment. The appellant has perfected its appeal and seeks a reversal of the judgment and to that end briefs eight points of error. Emphasis is placed upon certain words throughout the opinion in an effort to eliminate confusion inherent in the discussion of words out of context with the insurance policy in which they appear.

The appellant postulates that location of the insured when injured and cause of injuries within the meaning of the language of the policy provision are determinative of this appeal; and proceeds to argue first that the policy provision insuring against accidental injury while *riding within* a truck excludes from coverage liability for the fatal injury received by the insured as he stood upon the truck bed. The argument is that the meaning of *within* the truck does not comprehend or include standing upon the bed of the truck. Numerous cases are cited by the appellant but it is not thought that they sustain its position. Rules for the construction of an insurance policy when its language is susceptible of more than one meaning are well established. The policy provisions must be construed in the light of the facts of the case. 24–B Tex.Jur. p. 96, Sec. 28. 44 C.J.S. Insurance § 297, p. 1166, states another of the rules in this language: "It is a cardinal principle of insurance law that a policy or contract of insurance is to be construed liberally in favor of insured or his beneficiary and strictly as against insurer." And the same authority at page 1169 says that the same rule applies in the construction of words and terms used in the policy. Also, words, phrases or terms will be given their ordinary meaning unless by definitions in the policy or context in which the word is used requires some other meaning be given. 24–B Tex.Jur. 97, Sec. 29.

In common parlance, inanimate objects, animals and persons transported by truck are said to be hauled *in*, *within*, *on* or *upon* the truck, these terms being used interchangeably and are commonly used to convey the meaning that the objects, animals or persons are located in the part of the truck bed that is designed for carrying the truck's load. The language *within* the truck as used in the policy, in popular understanding, includes a person standing on the truck bed. Stewart v. North Ameri-

can Accident Ins. Co., Mo.App., 33 S.W.2d 1005; Continental Life Ins. Co. v. Wilson, 36 Ga.App. 540, 137 S.E. 403; Life & Casualty Ins. Co. of Tennessee v. Yarbrough, 53 Ga.App. 458, 186 S.E. 434.

■ A further argument in this connection that *riding* within a truck excludes standing upon the truck bed while the truck driver attempts to move the truck forward is without validity in common usage. It is commonly said that people are *riding* vehicles even when the vehicles are standing at rest if the vehicles are being used at the time for transporting people and are only temporarily at a standstill. Passengers on a waiting train or persons in other conveyances halted temporarily in observance of operation orders or traffic regulations or controls are good examples of persons said to be *riding* such transports; the use of the term *riding* to include and mean persons present on a transport though it be still at the time is indulged with great frequency. Undoubtedly within the common concept of the meaning of *riding* within a truck is a person standing in the bed of a stalled truck while the driver attempts to move it by its own power, though in fact the truck does not move in response to the driver's effort. No cases construing the term *riding* within a truck as it is used in the policy under examination have been cited and none have been found by this Court, but it is thought that this construction finds support in the following cases: Provident Life & Accident Ins. Co. v. Nitsch, 5 Cir., 123 F.2d 600, 138 A.L.R. 399; Washington National Ins. Co. v. Buchanan, Tex.Civ.App., 105 S.W.2d 325; Johnson v. Federal Life Ins. Co., 60 N.D. 397, 234 N.W. 661; Miller v. Inter-Ocean Casualty Co., 110 W.Va. 494, 158 S.E. 706, 76 A.L.R. 1308; Mould v. Travelers' Mutual Cas. Co., 219 Iowa 16, 257 N.W. 349. The insurer could not be unaware that people are transported daily in the beds of trucks and that in popular understanding a person is riding within a truck when he mounts to its bed for that purpose with the understanding that it is to be moved within a reasonable time.

It is argued under appellant's second postulant that neither backing the truck into the stump hole where it stalled nor the truck wheel flailing the chained pole constitutes a *truck accident*; but rather, the term *truck accident* means a casualty to the truck.

■ Such a restricted meaning has no warrant in common understanding. No attempt will be made to state a definition that is all-inclusive and would cover every possible contingency in which a truck may be related to an accident. But undoubtedly within the common understanding of a *truck accident* is the unusual, undesigned, unexpected occurrence of a device temporarily attached to facilitate a truck's movement inflicting damage on being whipped about in the course of the operation of the truck.

Again, there do not appear to be any cases in this or other jurisdictions that support in detail the construction here stated, but in essence and reason this construction is supported by Federal Life Ins. Co. v. White, Tex.Civ.App., 23 S.W.2d 832; Wood v. Southern Casualty Co., Tex.Civ.App., 270 S.W. 1055; Dorsey v. Fidelity Union Casualty Co., Tex.Civ.App., 52 S.W.2d 775; Southern Surety Co. v. Davidson, Tex.Civ.App., 280 S.W. 336; Walden v. Automobile Owners Safety Ins. Co., 228 Ark. 983, 311 S.W.2d 780; 18 A.L.R.2d p. 456, Sec. 7.

■ It would be entirely too narrow to hold as appellant seems to contend that the policy coverage is limited to persons inside the truck cab when the truck is in motion and accidentally injured in connection with accidental injury to the truck.

Having concluded that the injury alleged comes within the coverage of the policy, and that the judgment is supported by the evidence, appellant's points are overruled, and the judgment is affirmed.