PER CURIAM.
The appellant, Prudential Life and Casualty Insurance Company, was defendant in the trial court in an action brought upon one of its hospitalization, sickness and accidental death policies. The appellee received a jury verdict and this appeal is from the final judgment based thereon.
The appellee, Sue Plarris, is the beneficiary under the policy and the widow of Edward Harris. Part Three of the policy, which is labelled “Accidental Death Benefit”, reads as follows:
“If any member of the family while this policy is in force, shall sustain such additional bodily injury while driving or riding within an automobile, truck or bus and such injury shall directly and independently of all other causes within 60 days result in the death of such member of the family”.
It appears without conflict in the evidence that the deceased worked as an ice cream salesman, operating from a truck. He was not required to leave the truck to make sales. He could leave the driving position and from inside the truck serve customers standing at the side of the truck.
Mr. Harris was engaged in his usual sales activities on the day in question. He came to a stop where he had several customers. While he was stopped and in the process of serving customers, he accidentally discharged a pistol which he was carrying in his pocket. He subsequently died from the injury thus received. The sole question presented upon this appeal is whether the accident comes within the coverage of the policy. We hold that it does not.
The appellant does not question that portion of the trial court’s interpretation of the language of the policy which held that the word “while” used in the term “while driving or riding” refers to- a limitation of time. See Provident Life & Acc. Ins. Co. v. Nitsch, 123 F.2d 600, 138 A.L.R. 399 (5th Cir. 1941) and cases collected in the annotation at page 404. It is therefore admitted that there need be no causal relationship between the riding or the operation of an automobile and the death.
*535 On the other hand, the appellant contends that the court’s holding (implicit in its denial of appellant’s motion for directed verdict made at the close of all the evidence) that the facts of this case brought the accident within the period of time covered by the terms “driving or riding” was erroneous. With this conclusion, we must concur.
The courts have not seen fit to limit recovery in cases of this type to the period of time covered by the actual motion of the automobile. It has been held, and we think logically, that a person in the process of perparing to operate or .ride, or in the process of leaving an automobile after riding therein, is for the purposes of this type of policy engaged in the activity of operating or riding. Provident Life & Acc. Ins. Co. v. Nitsch, supra. Also compare the Florida rule that a “guest-passenger relationship” extends beyond the period of time during which the automobile is in motion. See Fishback v. Yale, Fla.1955, 85 So.2d 142; Kaplan v. Taub, Fla.App.1958, 104 So.2d 882.
For the deceased to have died within the coverage of this policy, it would be necessary for him to have been in the process of preparing to engage in, or continuing, or terminating the act of driving or riding. See Mould v. Travelers’ Mut Cas. Co., 219 Iowa 16, 257 N.W. 349 (1934). The record indicates that such was not the situation in this case since the vehicle involved was parked at the time of the accident (and had been for some minutes), the deceased was in the process of serving customers, and he had several acts to perform before the vehicle would again be put in motion.
Further, it has already been noted that Mr. Harris was in no way engaged in an activity which was a part of the operation or use of the automobile as a means of transportation. He was at the time of his unfortunate accident an ice cream salesman servicing an ice cream sales establishment. The fact that the sales establishment was mounted on wheels and but a short time before had been, and later would be, a means of transportation, did not bring the accident within the coverage of the policy. Cf., Bommarito v. North American Acc. Ins. Co., 251 App.Div. 123, 295 N.Y.S. 624 (1937). The trial judge committed error when he denied defendant’s motion for a directed verdict at the close of plaintiff’s case. Therefore, the judgment is reversed with directions to enter judgment far the defendant.
Reversed.