**FIRST CONTINENTAL LIFE & ACCIDENT INSURANCE CO., Appellant,**

v.

**Katherine HANKINS, Appellee.**

**No. 8246.**

Court of Civil Appeals of Texas, Amarillo.

April 10, 1972.

Rehearing Denied May 15, 1972.

tion is whether the appellee's husband's accidental death, which occurred while he was under an automobile replacing the driveshaft, was within the coverage of the following Accidental Death Benefit provision of the policy:

"If the Principal Insured, while this policy is in force, sustains injury while driving or riding in an automobile, truck, bus or while riding as a paying passenger on a licensed, regularly scheduled airline or passenger train, and such injury directly and independently of all other causes results in the death of the Principal Insured within thirty days of the date of injury, the Company will pay the sum of ($1,000.00) one thousand dollars. Automobile, truck or bus as used herein does not include a tractor, farm machinery, motorcycle or any type of vehicle not commonly operated on public highways."

Reversed and rendered.

The case was tried to the court without a jury on stipulated facts. First Continental Life and Accident Insurance Company, appellant herein, issued the insurance policy in question to Troy Hankins on January 19, 1970. The same was still in effect January 14, 1971, the date of Mr. Hankins' death. Mrs. Hankins, appellee, was the beneficiary and made a formal claim under the policy. Mr. Hankins' employment was of such a nature as to require him to make out of town trips to obtain automobiles and deliver them to Plainview, Texas. Deceased made a bus trip to Dallas on January 14, 1971. The purpose of the Dallas trip was to pick up two cars for delivery to Johnson Motor Company in Plainview, Texas. Prior to leaving Dallas he removed the driveshaft from the car which was towed. Mr. Hankins then drove to Plainview, Texas, driving one automobile and towing the second. Upon his arrival in Plainview, the two automobiles, still connected by a tow bar, were parked on the right side of Denver Street. When Mr. Hankins delivered cars to Johnson Motor Company, it was part of his job to

Morehead, Sharp & Tisdel (Charles G. White), Plainview, for appellant.

La Font, Tunnell, Formby, La Font & Hamilton (Marvin F. Marshall), Plainview, for appellee.

ELLIS, Chief Justice.

This appeal is from a judgment awarding plaintiff-appellee recovery for the death of her husband under a hospital and accident insurance policy issued by defendant-appellant. The question for determina-

replace the driveshaft in the towed car. This was done to make the automobile operable so it could be driven into the car wash stall to prepare it for sale in the ordinary course of business. Replacement of the driveshaft in the towed car necessitated its being jacked up, thereby allowing room for Mr. Hankins to crawl underneath the car to complete his job. As a safety factor, the tow bar was left connected to both automobiles during this procedure. Mr. Hankins crawled underneath the towed car and the jack slipped or fell causing the car to crush him. Injuries sustained in this accident precipitated his death within a matter of minutes. Upon discovery of the accident, the emergency brakes were found to be on in both cars.

■ Appellant presents two points of error in which it complains that the trial court erroneously construed the language, "injuries sustained while driving or riding in an automobile," to include, as a matter of law, the insured's activities of being underneath a car replacing a driveshaft.

Although extensive research of the case law in this and other jurisdictions reveals no case in which the clause "while driving or riding in an automobile" has been extended to cover one underneath a car, appellee contends such a construction of the clause is warranted because of language found in various cases construing the same or a similar clause. Appellee further relies on the well settled rule that an insurance policy is to be construed more strongly against the insurer than the insured. Southern Surety Co. v. Davidson, 280 S.W. 336 (Tex.Civ.App.—Fort Worth 1926, no writ); Dorsey v. Fidelity Union Casualty Co., 52 S.W.2d 775 (Tex.Civ.App.—Waco 1932, writ dism'd); Standard Life & Accident Insurance Co. v. Hardee, 330 S.W.2d 544 (Tex.Civ.App.—Texarkana 1959, writ ref'd n. r. e.).

In the *Davidson* case, the insured was allowed recovery for a sprained ankle he sustained when stepping from an automobile in which he had been riding. The

court held that "(t)he operation of an automobile necessarily implies doing all that is necessary to be done to successfully move the same [automobile] from place to place. . . . " However, this was qualified by the court's reference to the fact that before a car can be operated it must be entered and upon reaching its destination, the operator must alight to the ground within a reasonable time after his arrival. The qualification limits that holding to a factual situation where one is either entering, actually in, or alighting from, an automobile. In the instant case, the insured had not been driving or riding in the car which fell on him, but in fact, was underneath the automobile replacing the driveshaft to make the car operable. To hold that the activity of the insured—that is, being underneath the automobile, replacing the driveshaft—is within the language "while driving or riding in an automobile" would, we believe, be an unwarranted extension of the *Davidson* case and would transcend the plain meaning of the language within the clause.

Appellee further contends the *Dorsey* case lends support to her position that her husband's accidental death was within the coverage of the insurance policy. In that case, an award was made, under a similar insurance clause as is being considered here, when the insured, sitting in the driver's position of an automobile, was accidentally shot by his hunting companion who was outside the car unloading a gun in preparation for a return trip to town. There, the parties conceded that the insured was engaged in operating, driving or riding in the automobile and the only question that the court had to decide was whether the injuries sustained were a *result* of his operating or riding in the automobile. Affirmation of the award on appeal was based on a causation theory. Our case involves no concession that Mr. Hankins was driving or riding in an automobile when he sustained his fatal injuries. To the contrary, the point of contention by appellant is that Mr. Hankins was not

driving or riding in an automobile while underneath an automobile replacing a driveshaft. In contending that the holding of the *Dorsey* case is applicable to the present fact situation, appellee, to support her position, relies on the following statement found 52 S.W.2d at page 776 of that opinion:

" . . . It is sufficient if the use of the automobile in the manner and for the purpose for which it is being used reasonably and naturally exposes the driver or occupant thereof to the danger of being so injured as a consequence of such use. . . . "

This statement obviously is premised on the assumption that one is already the driver or occupant of the automobile; but the principle enunciated in that case does not determine the question raised here. The question before this court is whether the injuries resulting in Hankins' death were sustained under circumstances covered by the insurance policy proviso "while driving or riding in an automobile." The rationale of the *Dorsey* case would be applicable to our set of facts only in the event Mr. Hankins' activity of being underneath a towed car, which he had not been driving, could be construed as driving or riding in an automobile.

In the *Hardee* case, the insured received fatal injuries while standing in the bed of a flatbed truck. At the time the injuries were sustained, the deceased and two of his employees were in the process of extricating the truck from a stump hole. The injuries were inflicted when some poles, which had been attached by chains to the rear wheels of the truck to aid in its extrication, were flung back onto the bed striking the deceased. The deceased had been driving the truck prior to receiving his fatal blow. The court held that the deceased was riding "within the truck" at the time

of his death. The *Hardee* case, 330 S.W. 2d page 547, states:

" . . . The insurer could not be unaware that people are transported daily in the beds of trucks and that in popular understanding a person is riding within a truck when he mounts to its bed for that purpose with the understanding that it is to be moved within a reasonable time."

In the instant case, Mr. Hankins was not "in" the automobile [1] nor "on" the automobile, but in fact underneath the vehicle when he received his fatal injuries.

Appellee contends that the journey Mr. Hankins was on had not been completed and he was therefor, still within the coverage of the insurance policy under the language of the clause in question. There is authority for the proposition that the car does not necessarily have to be in motion for the clause "while driving or riding in or on" to be applicable. Provident Life & Accident Ins. Co. v. Nitsch, 123 F.2d 600 (5th Cir. 1941). In that case, Mrs. Nitsch had been on a trip with her husband. They customarily carried a loaded pistol in the glove compartment on their trips. Upon returning home, the car was parked and Mr. Nitsch had stepped from the driver's seat onto the running board. He heard the glove compartment door fall open, saw a flash and heard a shot. Mrs. Nitsch was accidentally killed by the discharge of the gun. The car had not been stopped more than a minute and Mrs. Nitsch had not made her exit from the automobile when the accident occurred. In allowing recovery in that case, the court reasoned that "while" is a word of time and not of causation; therefore, Mrs. Nitsch was considered to be riding in the car although the motion had ceased. The court was willing to take into consideration the practicality of entering a car before the journey begins and exiting at the jour-

---

1. Appellee takes note of the stipulated fact that the emergency brake was on in the towed car. This act can only be construed as being a safety precaution prior to the crawling under the automobile and not a preparatory act to drive or ride in the automobile.

ney's end. In the case at bar, Mr. Hankins had stopped both automobiles. He had alighted from the automobile he had been driving and was underneath an automobile he had been towing, but not driving. The car he was under was on a jack, and still connected to the other car by a tow bar. Assuming *arguendo* that Mr. Hankins' journey was not over when he crawled under the car, he would still have to be in a locus which could be construed to be driving or riding in an automobile before he could recover under the policy. Our Supreme Court has held that a woman who was changing planes to prosecute her trip was not a passenger "in an aircraft" when she fell in the terminal while walking toward the gate where she was to board her next plane. General American Indemnity Company v. Pepper, 161 Tex. 263, 339 S. W.2d 660 (1960). At page 661, the court stated: " . . . Admittedly she was a passenger, but she was not *in an aircraft* at the time her injuries were inflicted. . . . " Mr. Hankins may have still been pursuing his journey, but that alone does not classify him as driving or riding in an automobile.

▪ The state of the Texas case law on this subject appears to be that one is insured under a provision providing coverage for injuries sustained "while driving or riding in or on an automobile," if he is entering, sitting in, alighting or standing on the back of a vehicle, which may or may not be moving, and his injuries are incurred at the time or as a result of his being in that position. We find no case defining the clause "while driving or riding in an automobile," which would be applicable to the facts presently before this court.

A research of the cases construing a clause with the same or similar language employed in the clause before this court reveals that the most nearly analogous cases are those dealing with the changing of a tire on an automobile. In Green v. Farm Bureau Mut. Auto Ins. Co., 139 W.Va. 475, 80 S.E.2d 424 (1954), a man had a flat tire during the course of his journey. While changing the tire, the jack fell sideways and the wheel drum pinned his arm underneath causing severe injuries. In construing the language "in or upon, entering or alighting from the automobile," the court denied liability on the part of the insurance company holding that there was no ambiguity in the language and under the facts of the case the insured was not within the coverage of the quoted provision. See Eynon v. Continental Life Ins. Co. of Missouri, 252 Mich. 279, 233 N.W. 228, (1930); Miller v. Washington Nat. Ins. Co., 237 Wis. 475, 297 N.W. 359 (1941).[2] The activities of Mr. Hankins, the insured in the case before us, were further removed from driving or riding in an automobile than were those of the insured in the *Green* case. Mr. Hankins was underneath an automobile replacing a driveshaft. He had not been driving or riding in the automobile, but had been towing it. The towed automobile was still connected to another vehicle by a tow bar. Following the normal sequence of events, the insured would have finished his endeavor of replacing the driveshaft. He would then have lowered the car from its jack and disconnected the tow bar from the other vehicle. These would be acts precedent to his entering the automobile to drive or ride in it. Although the activities may have taken place "while" on his journey, that is, within the duration of his trip, that fact alone does not necessarily constitute those activities as "driving or riding in an automobile." We are of the opinion that it would be beyond the plain meaning of the

2. Although there is authority to the contrary, the cases so holding were construing clauses which used more comprehensive language than that used in the instant case; consequently, the courts, in those cases, gave a more liberal construction to the clauses before them than this court is able to give the clause before us. See Union Indemnity Co. v. Storm, 86 Ind.App. 562, 158 N.E. 904 (1927); Christoffer v. Hartford Accident & Indemnity Co., 123 Cal.App.2d Supp. 979, 267 P.2d 887 (1954).

language employed in the clause if we construed Mr. Hankins' activities to be those of driving or riding in an automobile.

Our Supreme Court in the *Pepper* case, construing the language of an insurance clause providing coverage "while a passenger . . . in an aircraft," used the following definitions of the word "in":

"The word 'in' means inside of, within the bounds or limits of—American and English Encyclopedia of Law (2d Ed.), Vol. 16, p. 123. Webster's Dictionary defines 'in' to mean: 'Primarily, *in* denotes situation or position with respect to a surrounding, encompassment, or enclosure, * * * indicating being within, as a bounded place, a limited time, an encompassing material * * *.' At page 16 of Volume 20A, Words and Phrases, the word 'in' is said in its most usual significance and popular use to mean enclosed or surrounded by limits, as in a room. See Board of Chosen Freeholders of County of Hudson v. Central Railway Co. of New Jersey, 68 N.J.Eq. 500, 59 A. 303, and Pancoast v. Troth, 34 N.J.L. 377 (Sup.Ct.). 2 May on Insurance, Sec. 524, states: 'A person may be said to be traveling in a carriage, while alighting therefrom, until he has completely disconnected himself and landed.' "

These definitions are not broad enough to encompass one who is underneath an automobile. That the court in the *Hardee* case held the language "within" to include a person standing on the bed of a truck does not justify the extension of the meaning of the word "in" to include one underneath an automobile, particularly in light of the facts of this case. It is our opinion that Mr. Hankins was not "in" the automobile nor was he engaged in driving or riding as that language is commonly understood.

It is well settled that when the language used in an insurance policy is plain and unambiguous there is no occasion for construction, and the language must be given its plain meaning. General American Indemnity Company v. Pepper, supra; Western Reserve Life Ins. Co. v. Meadows, 152 Tex. 559, 261 S.W.2d 554 (1953). The facts of this case interject no element of ambiguity into the clause "while driving or riding in an automobile." Absent any ambiguity, this court may not apply the rule of strict construction against the insurer and must follow the language in the policy in its plain meaning. Transport Insurance Co. v. Standard Oil Co. of Texas, 161 Tex. 93, 337 S.W.2d 284 (1960); Home Ins. Co., New York v. Rose, 152 Tex. 222, 255 S.W.2d 861 (1953); Republic National Life Insurance Co. v. Spillars, 368 S.W.2d 92 (Tex.Sup.1963). This court is not authorized to extend the coverage, by creating an ambiguity where the language is unambiguous, beyond that coverage which was initially contemplated by the parties as manifested in the insurance policy. Such an unwarranted extension of the coverage would be equivalent to making a new contract between the parties. It is well settled that courts may only construe a contract of insurance as it was made; they are not authorized to make a new contract for the parties. British America Assur. Co. v. Miller, 91 Tex. 414, 44 S.W. 60 (1898); Royal Indemnity Company v. Marshall, 388 S.W.2d 176 (Tex. Sup.1965); Marlin Associates v. Trinity Universal Ins. Co., 226 S.W.2d 190 (Tex. Civ.App.—Dallas 1959, no writ).

In view of the foregoing, we hold the insurance clause in question did not extend to and encompass the appellee's husband's activity. The judgment of the trial court is reversed and judgment is here rendered that plaintiff-appellee take nothing.