GLOBE LIFE AND ACCIDENT INSURANCE COMPANY and Insurance Company of North America, Appellants,

v.

Essie DALRYMPLE, Appellee.

No. 8318.

Court of Civil Appeals of Texas, Amarillo.

Nov. 13, 1972.

Rehearing Denied Dec. 11, 1972.

Crenshaw, Dupree & Milam, Cecil Kuhne and J. Orville Smith, Lubbock, for appellants.

Young & Green, Jack D. Young, Muleshoe, for appellee.

REYNOLDS, Justice.

Exception taken to liability for insured death benefits, adjudged on the court's finding that the insured's death occurred while driving an automobile or truck within the meaning of the insurance coverage, produced this appeal. Reversed and rendered.

Facts derivable from basic stipulations made in the trial court established the antecedency of this litigation. Lawrence Wesley Dalrymple was an insured under two automobile and travel accident group insurance policies. One policy was issued by Globe Life and Accident Insurance Company, and the other policy was issued by Insurance Company of North America, the defendant-appellants. Each policy provided coverage, inter alios, for injury to or death of the insured sustained "while driving or riding in an automobile or truck." In the course of his employment, the insured used his employer's truck to load equipment and transport it to the place where it was unloaded. The truck was equipped with a winch. The winch, powered by the truck motor, was activated by engaging the truck transmission clutch and moving the power take-off lever protruding through the truck cab floor. Operation of the winch raised and lowered gin poles located on the truck bed and utilized in the loading and unloading of equipment. Two of the stipulations were: "Immediately prior to his death, Mr. Dalrymple was in the process of loading, unloading and transporting equipment from one place to another. To load, unload and transport the equipment, Mr. Dalrymple was driving and operating a winch truck provided him . . . for the purpose of moving equipment."

The deceased insured was found dead lying on the ground outside the truck with his head to the rear of the truck. A burn spot was present on the ground near his heel. The truck door was open, the motor was running and the transmission gear was in neutral position. The gin poles, broken from the truck bed, were on the ground on the left side of the truck. The insured was accidentally electrocuted while standing on the ground and touching the clutch pedal at the time the gin poles came into contact with a voltage line. The parties agreed that apparently the insured reached inside the truck to disengage the clutch with his left hand and completed the electrical circuit when he touched the clutch pedal. At the time of his death, the in-

sured had not completed his assigned job and, except for his death, he would have re-entered the truck and driven it to another location to continue his work. There were no witnesses to the accident.

Essie Dalrymple, the surviving widow of the deceased insured and appellee here, asserted claim as beneficiary under the policies. Each insurance company appellant denied the claim made on it, and appellee brought a separate suit against each appellant. The thesis of the claims and the suits was that the deceased insured sustained death while driving or riding in a truck. The two suits were consolidated and presented on the prevenient stipulated facts to the trial court sitting sans jury. In connection with the rendition of judgment decreeing liability under the policies, the court made and filed findings of fact and conclusions of law. The principal finding of fact producing liability was that the insured died "while he was driving an automobile or truck."

The first of appellants' two points of error is that the stipulated facts indisputably establish as a matter of law that the insured was not injured "while driving or riding in an automobile or truck," and his injury and subsequent death are not within the coverage of the policies. The point is well taken, and it is sustained. Appellants' other point of error is conditioned upon an affirmance of the trial court's finding of liability, and it will not be further noticed.

The insured's death was sustained, not while he was actually driving or riding in the truck as those terms are commonly comprehended to describe an activity, but while he was standing outside of, and reaching into, a stationary truck to operate a winch mechanism. On this factual condensation the parties have joined the issue of whether the insurance policy clause "while driving or riding in an automobile or truck" provides coverage for the insured's death. Recently, in First Continental Life & Accident Insurance Co. v. Hankins, 480 S.W.2d 244 (Tex.Civ.App.— Amarillo 1972, writ ref'd n. r. e.), this court had occasion to consider an insurance clause almost identical to the one now before us. There, as here, the query was whether the activity associated with, but one other than the actuality of driving or riding in, the vehicle came within the coverage clause "while driving or riding in" the vehicle. In *Hankins* we concluded that the coverage afforded by the clause "while driving or riding in" a vehicle is limited to the positional activity of entering, sitting in, alighting from or physically on, the vehicle at the time the injury occurred. The rationale expressed in *Hankins* is applicable to the case at bar and decisively dictates the determination that as a matter of law Mr. Dalrymple's death was not sustained while he was driving or riding in the truck. The operation of the winch mechanism energized with power from the running motor of the stationary truck while the insured was standing outside of and reaching in the truck is not such positional activity that occurs, or is covered by the clause insuring against injury or death, "while driving or riding in an automobile or truck."

The stipulation that the insured "(t)o load, unload and transport the equipment, . . . was driving and operating a winch truck . . .," when relationally reviewed with the other stipulations, obviously is a stipulation of the general requirements of the insured's work, and it is not an agreement that the accident occurred while the insured was driving and operating the truck. Thus, neither the stipulated evidence nor the law supports the trial court's finding to the contrary, and the finding must be, and it is, set aside.

We have considered carefully the authorities relied upon by appellee. A detailed exposition of the cases would result only in an academic exercise of subservient elaboration on the *Hankins* decision. It is sufficient to note that some of the cases are discussed in and distinguished from the *Hankins* decision; the others are distin-

guishable from the case at bar because the peculiar facts of the particular case are within the ambit of those decisions recognized in *Hankins* as allowing recovery, or because the broader insurance coverage provided to the insured encompassed the injury producing activity.

The judgment of the trial court is reversed, and judgment is rendered for appellants.