## SOUTHERN SURETY CO. v. DAVIDSON. (No. 11358.)

(Court of Civil Appeals of Texas. Fort Worth. Jan. 16, 1926.)

1. Insurance ⬤⟿452.

Policy, insuring against accidental injury while operating automobile, covers injury to ankle while getting out of car.

2. Insurance ⬤⟿146(3).

Accident policy is construed more strongly against insurer.

Appeal from Wichita County Court; O. M. McFarland, Judge.

Suit by H. H. Davidson against the Southern Surety Company. From a judgment for plaintiff, defendant appeals. Affirmed.

Horace C. Bishop, of Dallas, for appellant.
Carrigan, Britain, Morgan & King, of Wichita Falls, for appellee.

CONNER, C. J. This suit was instituted in the county court at law of Wichita county on two policies of insurance issued by the appellant surety company, insuring appellee against:

"The effects resulting exclusively of all other causes from bodily injury sustained by the insured during the life of this policy solely through external, violent and accidental means."

The policy contained other provisions not necessary to notice, but it provided for payment by the insurance company to appellee of specified sums for specified losses.

The plaintiff alleged that he met with an automobile accident, in which he sustained bodily injury and in consequence of the accident was injured in the sum of $175.09.

The case was tried upon an agreed statement of facts, the part of which that is material reads as follows:

---

⬤⟿For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

"That on or about April 21, 1924, and while the insurance contracts above referred to were in full force and effect, this plaintiff met with the following accident: He drove his automobile up to the curb on Indiana avenue, stopped the car, and cut off his motor, and immediately opened the door to step out of his automobile, and, while he was in the act of getting out of the same, he stepped upon a brick or some other object on the ground with the first foot to be placed thereon, and, in doing so,.sprained his ankle of the foot with which he stepped on the brick or other object.

"That in consequence of the accident aforesaid he was disabled so that, if he was entitled to any indemnity at all under the policies of insurance, he was entitled to the sum of $175.09."

The other facts material to plaintiff's right of recovery are set out in the agreed statement.

The trial court found that at the time alleged the appellee had stopped his car, cut off the motor, and was injured in the manner and under the circumstances stated in the quotation from the agreed statement of facts, and concluded, as a matter of law, that the getting out of his automobile was a necessary incident to .operating, driving, and riding in or on an automobile, and that plaintiff's accident comes within the terms of the insurance policy sued upon, and rendered judgment in his favor for $175.09, and the defendant company has appealed.

[1, 2] Appellant's contention is that all of appellee's activities in operating his car had ceased, and hence that the automobile was not in anywise a contributing factor to the cause of the injury, and therefore not within the terms of the policy. We are of the opinion, however, that the court adopted the proper construction of the policy. It is true that the automobile that appellee was driving or operating at the time had ceased to move when he undertook to go therefrom, but the terms of the policy did not limit appellee's liability to an injury only when the automobile was in actual motion. The policy is to be construed more strongly against appellant, and, had it been the intention to limit the benefit to the insured only while he was moving in his automobile, it must be presumed that it would have been so stated in the contract.

The operation of an automobile necessarily implies doing all that is necessary to be done to successfully move the same from place to place. It must necessarily be entered and upon reaching his destination the operator must alight to the ground within a reasonable time after his arrival. It does

280 S.W.—22

not appear that on the occasion in question appellee's journey was undertaken without any useful or necessary purpose, or that, in stopping at the time and place he did, or in the manner of his descent from the automobile, he was guilty of any negligence which contributed to his injury. Indeed, there is no plea of contributory negligence.

In 1 Corpus Juris, p. 440, § 93, it is said:

"When a policy covers injuries received while a passenger it extends to injuries received while getting on or off of a conveyance such as the policy contemplates."

In the case of Holgate v. Indemnity Co., 18 Pa. Dist. 26, the insured was protected against injury "while riding within a conveyance drawn by horse power." While driving along the road it became necessary for him to get out of his buggy to open and close· a gate. His horse became frightened and started to run away. The insured, while running alongside of the buggy in an effort to stop the horse and climb back into the buggy, sprained his ankle. The court held that the injury came within the meaning of the language in the insurance contract.

2 May on Insurance, § 524, says:

"A person may be said to be traveling in a carriage while alighting therefrom, until he had completely disconnected himself and landed."

5 Joyce on Insurance, p. 4992, § 2874, says:

"Even though the journey may have terminated by the conveyance in which assured is traveling having reached assured's destination on that line of traveling, yet the insured is protected in doing the necessary act of leaving the conveyance, and until he has safely landed, for until then he is still a traveler by that particular conveyance; and, if he sustains an accidental injury at the time of leaving or alighting from such conveyance, such accident arises directly out of an act immediately connected with his being a passenger."

See, also, Quinn v. Ins. Co., 195 N. W. 429, 224 Mich. 641; Schmohl v. Travelers' Ins. Co. (Mo. App.) 189 S. W. 597; Wilmarth v. Ins. Co., 143 P. 780, 168 Cal. 536, Ann. Cas. 1915B, 1120.

There being no dispute about the amount appellee is entitled to recover, we conclude that under the foregoing authorities he was injured while operating his automobile within the meaning of the terms of his insurance contract, and that hence he is entitled to recover, .as found by the court below.

The trial court's conclusions of fact and law are accordingly adopted, and the judgment affirmed.