**ZURICH GENERAL ACCIDENT & LIABILITY INS. CO., Limited, v. THOMPSON.**

**No. 3751.**

Court of Civil Appeals of Texas. Amarillo.
March 2, 1932.

Rehearing Denied March 30, 1932.

Jos. H. Aynesworth, of Borger, and Hiram K. Aynesworth, of Stinnett, for appellant.

Henry D. Meyers, of Borger, and Willis, Studer & Studer, of Pampa, for appellee.

RANDOLPH, J.

This case has been before this court before, and was then reversed and remanded. 19 S.W.(2d) 153.

We will content ourselves with the statement made in that opinion, except as additional statements are necessary to be made in explaining our rulings upon the questions discussed herein.

Appellant predicates its appeal upon eighteen points, which are presented in three groups. The first group is based upon alleged errors in the admission of testimony. The second is based upon fundamental error alleging that the court, in the state of the pleadings, erred in failing to submit the vital question as to whether or not there was a policy issued, to the jury. The third group charges error as to the submission of the case, alleged to have been committed in the court's charge.

There is also fundamental error charged which can be disposed of in the second group.

The appellee, Thompson, testified, over objection, as follows: "Mrs. Ochiltree made out a notice of injury and I signed it and she sent it to the proper authorities. * * * Yes, I had her to do that. The next thing I did about prosecuting my case was I turned it over to Gray & Fogle at Dallas to take the case and they took it before the Board and got an award. * * * I employed them. I prepared a claim with them and sent it in."

The appellee further testified, over objec-

tion, as follows: "After this injury I received a check from the Zurich General Accident & Liability Insurance Company, Ltd.— one is all I received,— for $60.00. I do not have the check. I negotiated it through the bank. I judge that was a month and a half after the injury."

V. W. Howerton, secretary of the Industrial Accident Board, testified that he was not the secretary of the board during the months of August and September, 1926; that he has access to and control of the records and files of said board with reference to who were subscribers to the Workmen's Compensation Law in the months of August and September, 1926; that the records of the Industrial Accident Board show that C. N. Ochiltree as an individual was a subscriber to the act during those months. Zurich General Accident & Liability Insurance Company, Limited, filed legal notice that a policy of workmen's compensation insurance had been issued to cover the operations of C. N. Ochiltree. Said notice shows the policy, No. 1,328,977, had been issued, effective on March 31, 1926, expiring on March 31, 1927, and was filed with the board on May 3, 1926; that a report of the accident was filed by C. N. Ochiltree on behalf of Roy A. Thompson on August 30, 1926—the 27th day following the accident. Roy A. Thompson filed his claim for compensation in affidavit form in this office on January 3, 1927. The board made a final ruling, decision or award, in the matter of the claim of Roy A. Thompson v. C. N. Ochiltree, Employer, and the Zurich General Accident & Liability Insurance Company, Limited, on the 1st of April, 1927.

A certified copy of the notice of insurance was attached to the deposition of Howerton; also a certified copy of the board's entire action in the matter. Only the testimony above referred to was offered in evidence; the final amount of the award and to whom granted being only filed as evidence with the district court for jurisdictional purposes.

On the former appeal, the judgment of the trial court was reversed because, as stated in the opinion, there was no evidence of sufficient import to cause an issuable fact to arise under the plaintiff's general denial, and none did arise showing that the employer was insured by the plaintiff in error, and because there was no evidence in the record showing that the appellant ever issued a policy to Thompson's employer.

■■ The evidence above quoted establishes the fact that such a policy was issued. The only question that we care to discuss is, Was the evidence offered admissible? We do not think this testimony comes under the inhibition forbidding the introduction in evidence of the proceedings of the board except for jurisdictional purposes only. This inhibition is on the theory that the action of the

board on the claim might have its effect on the jury impaneled in that court when trial was to be de novo. Therefore, the introduction of the proceedings before the board is limited to the filing and introduction before the judge who is trying the case for the purpose of establishing the jurisdiction of his court.

■■ The evidence was admissible, not for the purpose of proving the terms upon which the instruments were executed, but to establish the fact that a certain instrument was in existence, i. e., the policy of insurance. The law supplies the terms such policy should contain.

The evidence shows that the appellant paid to the appellee the sum of $60 after the injury as part compensation payment. This part payment was one admission on the part of the appellant of the existence of the policy. Georgia Casualty Co. v. Ginn (Tex. Civ. App.) 272 S. W. 601; Independence Indemnity Co. v. Polk (Tex. Civ. App.) 14 S.W.(2d) 330; Barron v. Texas Employers' Insurance Association (Tex. Com. App.) 36 S.W.(2d) 464, 465.

■ The policy is not, by reason of the dealing between the parties, in the hands of the appellee; hence he cannot be charged with its production.

■ Section 3c of article 8306 of the Revised Civil Statutes of 1925 provides: "From and after the time of the receipt by the Industrial Accident Board of notice from any employer that the latter has become a subscriber under this law, all employees of said subscriber then and thereafter employed, shall be conclusively deemed to have notice of the fact that such subscriber has provided with the association for the payment of compensation under this law. * * *"

The employee being concluded from denying such notice to the board, certainly parol evidence or a certified copy of such notice, duly certified under the hand and seal of the secretary of the board, was admissible to show that such notice had been given and also the date on which it was filed. Texas & P. Ry. Co. v. Graham & Price (Tex. Civ. App.) 174 S. W. 297.

■ A certified copy of an instrument which is required to be filed with the Accident Insurance Board, duly certified under the hand and seal of the secretary of the board, was admissible in evidence to prove, not only the date of filing, but also the fact of its existence.

Upon the question of the weekly wage of the appellee, the trial court charges the jury as follows:

"What was the average weekly wage of plaintiff, Roy Thompson, on Aug. 3, 1926, and for some time prior thereto? Answer in dollars and cents, just as you find.

"In answering the foregoing question, you are instructed that you will consider the average daily wage or salary which an employee of the same class, working the whole of the year immediately preceding Aug. 3, 1926, would have earned during the days when employed in the same or in a similar employment to that of plaintiff, in the same place or in a neighboring place thereto; or, if you are unable to determine the average weekly wage by the foregoing rule, then you will consider the average weekly wage in any manner which may seem just and fair to the parties in this suit as you may determine from the evidence in this case. The average weekly wage may be computed to be one-fifty-second part of the average annual wage."

The jury answered this, "$91.00."

 By this charge the jury were given the option of finding appellee's weekly wage by applying the charge authorizing them to find such wage in the manner that might seem to them just and fair. The statutes authorize this manner of ascertaining the weekly wage. Subdivision 3, art. 8309. See Independence Indemnity Co. v. Polk, supra.

The discussion of the above questions and our holding on them disposes of most of the errors alleged by appellant. Having considered all errors assigned, we overrule same, and affirm the trial court's judgment.