The **NATIONAL LIFE AND ACCIDENT INSURANCE CO.**, Appellant,

v.

Annie **HUNTER**, Appellee.

No. 7638.

Court of Civil Appeals of Texas, Beaumont.

Feb. 13, 1975.

Rehearing Denied March 6, 1975.

**710**

---

William B. Coffey, Jr., Beaumont, for appellant.

Geo. Michael Jamail, Beaumont, for appellee.

DIES, Chief Justice.

The only issue in this case is whether the bodily injuries causing the death of Ivan Hunter, insured, resulted from his "riding in an automobile." (Applicable insurance policies sued on.) Trial was to the court which found for insured's widow, Annie Hunter, plaintiff, and from which insurer perfects this appeal.

Defendant's five points of error all essentially contend that the findings of the court that the deceased was riding in an automobile at the time of his injuries are unsupported by evidence or contrary to the great weight and preponderance of the evidence as to be clearly wrong. A no evidence point directs us to the evidence most favorable to appellee. A contention that a finding is contrary to the great weight and preponderance of the evidence directs us to the entire record. 4 (Part 2) Tex.Jur.2d App & Err—Civil Cases § 783 (1974).

This court may not exercise the fact finding power of the trial court. If there is probative evidence in the record to sustain the findings made by the trial court, we cannot substitute our findings for the findings made below. See cases cited in 4 (Part 2) Tex.Jur.2d App & Err—Civil Cases § 777 (1974) at 248.

Ivan Hunter was a passenger in his own automobile just before the fatal injuries. The car was being driven by one Joe Davis, Jr., who testified that just before being struck Ivan Hunter "was just about to get out of the car . . . because the car was stalled on the pavement." At this time he was struck by another car which also struck the open door of Hunter's car. At the time Hunter was struck "[i]t wasn't a second, after he'd gotten out and he didn't let go of the car. He had never left the car. In fact, he had the door of the car . . . He was opening the door, the last time I saw him."

It is true Mr. George C. Reeser testified that at the time his vehicle struck Hunter, the latter was four or five feet from the car door running toward the ditch, but the trial court was free to accept either version. (Authorities cited, supra.)

In Dorsey v. Fidelity Union Casualty Co., 52 S.W.2d 775, 776 (Tex.Civ.App.— Waco 1932, writ dism'd) we find:

"In order for an injury to be the result of operating or riding in an automobile, it is not necessary that the automobile be the agency that sets in motion the act which causes the injury. It is sufficient if the use of the automobile in the manner and for the purpose for which it is being used reasonably and naturally exposes the driver or occupant thereof to the danger of being so injured as a consequence of such use."

In Southern Surety Co. v. Davidson, 280 S.W. 336 (Tex.Civ.App.—Fort Worth 1926 no writ), the court reviewed trial court's findings that appellee was injured after he had stopped his car, cut off the motor, and was getting out of the automobile and concluded (at 337): "It [the car] must necessarily be entered and upon reaching his destination the operator must alight to the ground within a reasonable time after his arrival."

In 45 C.J.S. Insurance § 766 (1946) at 793–794, we find:

"Where the policy covers injuries received while a passenger, it extends to an injury received while getting on or off a

conveyance such as the policy contemplates, or attempting to do so, as insured is a passenger under such circumstances . . . ."

The evidence set forth previously herein supports the trial court's conclusion that Ivan Hunter was a passenger of his automobile at the time of his death, and that he died of injuries resulting from his riding in an automobile.

The judgment of the trial court is affirmed.