Marion Reese BERRY, Appellant,

v.

DAIRYLAND COUNTY MUTUAL
INSURANCE COMPANY OF
TEXAS, Appellee.

No. 17695.

Court of Civil Appeals of Texas,
Fort Worth.

Feb. 27, 1976.

Hill, Branham & Graham, and Frank Hill, Arlington, for appellant.

Brown, Crowley, Simon & Peebles, and Anne Gardner, Fort Worth, for appellee.

## OPINION

BREWSTER, Justice.

The trial court sustained the defendant's plea of privilege and the plaintiff has appealed.

The plaintiff, Marion Reese Berry, filed this suit against the defendant, Dairyland County Mutual Insurance Company of Texas, seeking to recover upon the "personal injury protection" coverage sold by defendant to plaintiff in connection with the automobile liability insurance policy that Berry had purchased from the defendant.

Plaintiff had purchased the liability policy from defendant on July 2, 1973. On August 27, 1973, Art. 5.06–3 of the Texas Insurance Code became effective and by its terms the defendant Company provided "Personal Injury Protection" to every automobile liability policyholder upon renewal of his policy unless the insured rejected such coverage in writing.

Before the loss involved here occurred the plaintiff's policy was renewed and he did not reject such coverage in writing. In addition to that, the evidence shows that each month after August 27, 1973, plaintiff was charged for and he paid $5.00 extra to defendant as a premium for the "personal injury protection" coverage.

After the statute referred to became effective and even though plaintiff each month thereafter paid to defendant the premium for such insurance, no endorsement was ever issued to plaintiff by defendant to evidence the fact that he had this "personal injury protection" coverage.

The defendant does not question the fact that plaintiff had such insurance in force with defendant at the time of the loss.

The defendant also admits that no question is involved on this appeal as to whether the notices and proofs of loss provided for in the policy were given by plaintiff to defendant in the required time. Such questions are not involved on this appeal because defendant did not file a sworn denial as is required by Rule 93(m) in order to raise such questions.

The undisputed evidence at the venue hearing showed that the plaintiff, Berry, sustained an injury on April 25, 1974, while in the process of alighting from his insured automobile. Berry was the named insured in the liability policy issued to him by defendant and the car that he was alighting from when hurt is the same automobile that is described in the liability policy involved as being the insured's "owned automobile." On the occasion when injured, Berry had been driving his car and had stopped it and turned off the ignition key. He had phlebitis in his left leg and was favoring it as he twisted in order to get out of the car and as he did so his right knee caught and the cartilage snapped while he was engaged in the act of getting out of the car. In treating the injury his leg was operated on and he was hospitalized causing him to incur an expense of $1,322.45. The injury caused him to lose $1,000.00 in wages also.

The plaintiff sought to maintain venue in Tarrant County under Subd. 23 of Art. 1995, V.A.C.S. The trial court sustained defendant's plea of privilege on the grounds that the plaintiff had failed to carry his burden of proving at the hearing that the plaintiff had a cause of action against the defendant.

In this connection the defendant contends that plaintiff failed to prove that he had a cause of action against defendant, as he was required by Subd. 23, Art. 1995, V.A. C.S., to prove, in that he failed to prove that plaintiff sustained a loss insured against by reason of having sustained bodily injury caused by accident, "in a motor vehicle accident," within the meaning of the policy sued on.

We reverse and render.

In plaintiff's first point of error he contends that the trial court erred in holding that an injury sustained while alighting from a vehicle is not sustained in a motor vehicle accident. In his second and third points of error plaintiff contends that the trial court erred in sustaining defendant's plea of privilege and in holding that plaintiff had not proved a cause of action.

We sustain those three points of error.

■ In defendant's brief it says that the sole question to be determined on this appeal is whether an injury received while alighting from an automobile is a "bodily injury caused by accident, in a motor vehicle accident" within the meaning of the "personal injury protection coverage" afforded by defendant's policy.

Article 5.06–3 of the Texas Insurance Code is the statute that relates to Personal Injury Protection Coverage that is involved here and it provides in part as follows:

"Personal Injury Protection Coverage (a) No automobile liability insurance policy . . . shall be delivered or issued for delivery in this state unless personal injury protection coverage is provided therein or supplemental thereto. The coverage provided in this article shall be applicable unless the insured named in the policy rejects the coverage in writing, and the coverage shall be provided in or supplemental to a renewal policy unless it is rejected in writing by the insured named in the policy. (b) 'Personal injury protection' consists of provisions of a motor vehicle liability policy which provide for payment to the named insured in the motor vehicle liability policy and members of the insured's household, any authorized operator or passenger of the named insured's motor vehicle including a guest occupant, up to an amount of $2,500 for each such person for payment of all reasonable expenses arising from *the accident* and incurred within three years from the date thereof for necessary medical, surgical, X-ray and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, and in the case of an income producer, payment of benefits for loss of income *as the result of the accident*; . . . ." (Emphasis ours.)

It will be noted that this statute provides that the Personal Injury Protection will provide the coverage for the named insured, the members of his household, any authorized operator or passenger of the named insured's car, and any guest occupant. The coverage will pay the reasonable medical expense, not exceeding $2,500, incurred by one of those persons in the treatment of injuries arising from *the accident*. It will also pay them for loss of income as a result of *the accident*. Nowhere in the statute is it provided that the accident referred to must be a *motor vehicle accident*. It will also be noted that the statute provides for the same coverage to be afforded to each of the persons referred to above that the statute provides shall be covered by such insurance.

Defendant had a form 243 that it generally issued to insureds who purchased its "Personal Injury Protection Coverage." The practice was to issue its form 243 as an endorsement to the liability insurance policies held by those insureds who on renewal desired the additional coverage. The evidence does not show whether or not this form had been approved by the Board of Insurance Commissioners.

As stated, the undisputed evidence in this case shows that although plaintiff did purchase such insurance, the defendant never did provide him with a form 243 as an endorsement to his policy.

The form 243 that defendant used to create such endorsements and to evidence the Personal Injury Protection coverage provided for by the statute contained the following provisions:

"*In accordance with the provision of Article 5.06–3 of the Insurance Code of Texas* and all Acts amendatory or supplementary thereto, the Company will pay:

"(1) the named insured or any member of the insured's household who sustains bodily injury, caused by accident, *in a motor vehicle accident,* and

"(2) any other person who sustains bodily injury, caused by. accident,

"(a) while occupying the insured motor vehicle, or

"(b) while using such vehicle with the permission of the named insured, or the spouse of the insured if a resident of the same household, for losses incurred by such injured person within three years of the date of such accident for:

"(1) all reasonable and necessary medical expenses incurred for services furnished, and

"(2)(a) if the person sustaining such bodily injury is an income or wage producer at the time of such accident, benefits for loss of income sustained by such person, while living, as a direct and proximate result of such accident, and . . . ." (Emphasis ours.)

We hold that the undisputed evidence shows that the plaintiff's loss of income and the medical expenses that he did incur in treating his injuries did result from a bodily injury, caused by an accident, in a motor vehicle accident, within the meaning of the policy sued on.

Article 5.06–3 of the Insurance Code does not provide that the "accident" therein referred to can only be a "motor vehicle accident." The statute simply says that coverage is afforded to the persons named for the losses referred to "arising from the accident," or "as the result of the accident." The statute does not purport to restrict the type of accident in which the injuries from which the loss resulted are sustained to a "motor vehicle accident."

■ If the parties intended by adding the words "in a motor vehicle accident" to the endorsement No. 243 to narrow the coverage afforded to the insured to less than that which Art. 5.06–3 provides that the named insured shall have, then that provision of the endorsement would be repugnant to the statute.

In the case of *American Nat. Ins. Co. v. Tabor,* 111 Tex. 155, 230 S.W. 397 (1921) in considering an analogous set of facts, the court said at page 399: "The parties could not, by contract, put something into the policy which was repugnant to the mandatory statute, and thus destroy a benefit to the insured which the statute was designed to guarantee. Hence the attempted reservation by the insurer of the right to interpose fraud by way of defense to a suit to enforce payment of the policy after it had been issued more than two years was void."

All that Art. 5.06–3 required was that the bodily injury from which the loss results be sustained in an "accident." If, as was held by the trial court and as is contended by defendant, the effect of the insertion into the endorsement of the words "in a motor vehicle accident" was to make the policy mean that the insured was not covered under the facts of this case, then such addition would be repugnant to the statute and void under the holding of the case just cited.

In the case of *Zurich General Accident & Liability Ins. Co. v. Thompson,* 47 S.W.2d 663 (Tex.Civ.App., Amarillo, 1932, writ dism.) the Court in speaking of a Workmen's Compensation Insurance Policy said: "The law supplies the terms such policy should contain."

■ That holding is also applicable to the personal injury protection coverage involved here.

Other cases holding that provisions in an insurance policy that are contrary to or

repugnant to applicable statutes are void are: *American Fidelity & Casualty Co. v. Williams*, 34 S.W.2d 396 (Tex.Civ.App., Amarillo, 1930, writ ref.); and *American Nat. Ins. Co. v. Ingle*, 129 S.W.2d 426 (Tex. Civ.App., Dallas, 1939, affirmed 137 Tex. 189, in 152 S.W.2d 1098).

█ Parties to an insurance contract are charged with knowledge of the applicable insurance statutes. *Southland Life Ins. Co. v. Statler*, 139 Tex. 496, 163 S.W.2d 623 (1942).

If the words "in a motor vehicle accident" were not contained in the endorsement No. 243, then no one would contend that there was no coverage afforded the insured because the bodily injury from which the medical expenses incurred by plaintiff and from which his loss of income resulted were unquestionably sustained in an "accident" as that word is used in Art. 5.06–3 of the Texas Insurance Code. See *Southern Surety Co. v. Davidson*, 280 S.W. 336 (Tex.Civ. App., Fort Worth, 1926 no writ hist.); *American Indemnity Co. v. Jamison*, 62 S.W.2d 197 (Tex.Civ.App., Texarkana, 1933, no writ hist.); *Dorsey v. Fidelity Union Casualty Co.*, 52 S.W.2d 775 (Tex.Civ.App., Waco, 1932, writ dism.); and *Standard Life & Accident Insurance Co. v. Hardee*, 330 S.W.2d 544 (Tex.Civ.App., Texarkana, 1959, ref., n. r. e.).

Even if we disregard what we have heretofore said as a reason why the plaintiff's loss was covered in this case, we are convinced that when the policy involved is properly construed giving effect to all language that it contains that plaintiff's loss is covered by the Personal Injury Protection Coverage afforded by defendant's policy.

█ It is settled that in cases where the language of an insurance policy is susceptible of more than one meaning, the policy provisions must be construed in the light of the facts of the case and a contract of insurance is to be construed liberally in favor of the insured and strictly as against the insurer. *Standard Life & Accident In-*

*surance Co. v. Hardee*, supra, and *Southern Surety Co. v. Davidson*, supra.

By the terms of the automobile liability insurance policy that defendant had issued to the plaintiff on July 2, 1973 (Plaintiff's Exhibits 7 and 12) the defendant agreed to pay on behalf of the insured all sums that the insured became legally obligated to pay as damages because of (A.) bodily injury, etc., and (B.) property damage *arising out of the ownership, maintenance or use* of the owned automobile or any non-owned automobile.

Article 5.06–3 provided in part that no such policy: ". . . covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless personal injury protection coverage is provided therein or supplemental thereto."

Article 5.06–3 provides coverage for all reasonable medical expenses and loss of income incurred by insured arising from or resulting from "the accident".

The endorsement No. 243 for the first time inserts into the picture the words "motor vehicle accident". That endorsement also provides that *"In accordance with the provision of Article 5.06–3 of the Insurance Code of Texas* and all Acts amendatory or supplementary thereto, the Company will pay: (1) the named insured or any member of the insured's household who sustains bodily injury, caused by accident, in a motor vehicle accident, and (2) any other person who sustains bodily injury, caused by accident, (a) while occupying the insured motor vehicle . . . ." (Emphasis ours.)

By the express wording of the endorsement the statute is thus made a part of such endorsement.

█ The policy sued on does not define "motor vehicle accident." There is no question but what a collision between two automobiles would be a motor vehicle accident. A collision between a car and a fixed or stationary object would also be a motor

vehicle accident. And another reasonable construction of the meaning of that phrase as used in the policy would be an accidental injury sustained by a person while engaged in the use of or while occupying a motor vehicle. Because the phrase "motor vehicle accident" can be construed as having more than one meaning, as we have demonstrated, it is our duty in deciding this case to give the phrase the construction that is most favorable to the insured.

■ The insured when hurt was "occupying" the insured vehicle.

We hold that a proper construction of the personal injury protection endorsement No. 243 is that the accident sustained by plaintiff, the named insured, was a motor vehicle accident within the meaning of the policy for the reason: that the accident involved was an accident sustained in a motor vehicle while the insured was in the process of alighting therefrom after using same.

The insuring agreement of the endorsement No. 243 provides that: "(2) any other person who sustains bodily injury, caused by accident, (a) while occupying the insured motor vehicle" is covered. The endorsement defines "occupying" as meaning "in or upon or entering into or alighting from".

So by the express wording of the endorsement No. 243 the insureds described in the endorsement in the paragraph No. (2) just quoted as "any other person" would be expressly covered for the very loss that the plaintiff (the named insured) sustained in this case. The effect of the construction placed on the endorsement by the trial court and by the defendant (holding that plaintiff's loss was not covered) would thus be to give the named insured (the plaintiff here) less coverage than the endorsement expressly provides to those other insured persons referred to in the endorsement in the quoted paragraph No. (2) that we hereinabove referred to.

When the policy is construed as we have indicated above, then the named insured is given the same coverage as are the other insureds while they are "occupying" the insured vehicle. We are convinced that it was the intention of the parties that the named insured be afforded that protection.

We are convinced that the real purpose of putting the words "motor vehicle accident" into the endorsement No. 243 at the point where it is located was to give the "named insured" more coverage than the insureds in the policy, other than the named insured, are given by such endorsement. This is true because the insuring agreement of the endorsement restricts coverage furnished the insureds, other than the named insured and members of his household, to losses arising out of bodily injuries sustained by such insureds while either occupying or using the *insured* automobile. A reading of paragraph (1) of the insuring agreement reveals that the coverage furnished to the named insured and to members of his household is not limited to accidents occurring to such insureds while occupying or using the insured vehicle but includes coverage for bodily injuries sustained by accident in connection with any motor vehicle, even though it is not the insured car.

In the case of *Southern Surety Co. v. Davidson*, supra, the insured had been using his car, had driven up to the curb, stopped his car, cut off his motor, started alighting from the car and in doing so stepped onto a brick and hurt his leg and ankle. The policy sued on provided coverage for accidental injury while operating an automobile. The Court in the *Davidson* case held that plaintiff was covered because: "The operation of an automobile necessarily implies doing all that is necessary to be done to successfully move the same from place to place. It must necessarily be entered and upon reaching his destination the operator must alight to the ground within a reasonable time after his arrival."

Other cases that we believe support our holding that the plaintiff was covered by the endorsement sued on are: *Standard Life & Accident Insurance Co. v. Hardee,* supra; *Dorsey v. Fidelity Union Casualty Co.,* supra; and *National Life and Accident*

*Insurance Co. v. Hunter,* 519 S.W.2d 709 (Tex.Civ.App., Beaumont, 1975, ref., n. r. e.).

The judgment is reversed and here rendered overruling defendant's plea of privilege.