Malvern STERLING, a widow, Appellant,

v.

UNITED STATES FIDELITY AND GUARANTY COMPANY, Appellee.

No. 8011.

Court of Civil Appeals of Texas, Beaumont.

July 28, 1977.

Rehearing Denied Aug. 29, 1977.

Sid S. Stover, Jasper, for appellant.

Paul W. Gertz, Beaumont, for appellee.

DIES, Chief Justice.

In 1975 Albert Sterling was instantly killed while operating one of his two automobiles. Both vehicles were covered by a policy of United States Fidelity and Guaranty Company, defendant below, which contained a personal injury protection endorsement. Defendant paid Sterling's widow—plaintiff below—$2,030 for funeral expenses but refused to pay for loss of income sustained by Sterling which occasioned this suit. Trial was to the court without a jury, who gave defendant (insurer) judgment from which Sterling's widow, plaintiff below, appeals.

*Tex.Ins.Code Ann. art. 5.06–3(b) (Pamp. Supp.1975–1976)* defines "Personal Injury Protection" as:

"consists of provisions of a motor vehicle liability policy which provide for payment to the named insured in the motor vehicle liability policy and members of the insured's household, any authorized operator or passenger of the named insured's motor vehicle including a guest occupant, up to an amount of $2,500 for each such person for payment of all reasonable expenses arising from the accident and incurred within three years from the date thereof for necessary medical, surgical, X-ray, and dental services, including prosthetic devices, and necessary ambulance, hospital, professional nursing and funeral services, *and in the case of an income producer, payment of benefits for loss of income as the result of the accident*; and where the person injured in the accident was not an income or wage producer at the time of the accident, payments of benefits must be made in the reimbursement of necessary and reasonable expenses incurred for essential services ordinarily performed by the injured person for care and maintenance of the family or family household. The insurer providing loss of income benefits may require, as a condition of receiving such benefits, that the insured person furnish the insurer reasonable medical proof of his injury causing loss of income. The personal injury protection in this paragraph specified shall not exceed $2,500 for all benefits, in the aggregate, for each person." (Emphasis supplied)

The policy involved here (approved by the Insurance Commission) provided that benefits paid insured (Sterling) for loss of income as a result of an accident would be *while living*. Plaintiff argues the addition of this phrase to the coverage afforded by the statute above set out, narrows the coverage and is void, citing *Berry v. Dairyland Cty. Mut. Ins. Co. of Texas*, 534 S.W.2d 428 (Tex.Civ.App.—Fort Worth 1976, no writ), and *American Liberty Insurance Company v. Ranzau*, 481 S.W.2d 793 (Tex.1972).

■ These decisions stand for the proposition that, when the statute provides its requirements are to be accomplished under provisions prescribed by the Insurance Board, it (the Board) may not act contrary to, but only consistent with, and in furtherance of the expressed statutory purposes.

■ We believe that the Board's approval of the inclusion of the words "while living" in the policy is not inconsistent with the statute. It is apparent that the Legislature intended to provide funeral expenses if death results from an accident and loss of income, hospital and professional nursing expenses, etc., if disability results. We overrule plaintiff's point. Thus, it is unnec-

essary for us to decide if the benefits provided on the two cars could be "stacked". The judgment of the trial court is affirmed.

AFFIRMED.