**T. G. FLORES, Appellant,**

v.

**DAIRYLAND COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, Appellee.**

No. 5407.

Court of Civil Appeals of Texas, Eastland.

Feb. 28, 1980.

Rehearing Denied March 27, 1980.

Steve Q. McManus, Kilgore, Cole & McManus, Victoria, for appellant.

William F. Seerden, Cullen, Carsner, Seerden & Williams, Victoria, for appellee.

RALEIGH BROWN, Justice.

T. G. Flores sued Dairyland County Mutual Insurance Company of Texas seeking to recover "personal injury protection" benefits afforded by his policy of insurance and Tex.Ins.Code Ann. art. 5.06–3 (Supp.1963–79). Trial to the court resulted in a take-nothing judgment. Flores appeals. We affirm.

The only question for determination is whether the accident made the basis of this suit is within the "personal injury protection" coverage afforded by Tex.Ins.Code Ann. art. 5.06–3 (Supp.1963–79). It is Flores' position that "it is only necessary that the injuries result from an accident, which is clearly the situation in the case at Bar." He bases his position on a misreading of *Berry v. Dairyland County Mutual Insurance Company of Texas*, 534 S.W.2d 428 (Tex.Civ.App.—Fort Worth 1976, no writ). Dairyland's position is that "the 'accident' must arise out of the ownership, maintenance or use of the motor vehicle which includes the operation, occupancy, entry to or alightment from the vehicle."

Tex.Ins.Code Ann. art. 5.06–3 (Supp. 1963–79) provides in part:

(a) No automobile liability insurance policy . . . covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless personal injury protection coverage is provided therein or supplemental thereto.

. . .

(b) "Personal injury protection" consists of provisions of a motor vehicle liability policy which provide for payment to the named insured in the motor vehicle liability policy . . . of all reasonable expenses arising from the accident and incurred within three years from the date thereof . . . .

The facts of the case are stipulated. Flores had a family automobile insurance policy in full force with Dairyland on the date of his injury and had "personal" injury protection as provided in Article 5.06–3. The accident made the basis of the suit occurred when Flores parked his automobile in a parking lot, alighted from the automobile, closed the door, stepped four steps from the vehicle, and tripped and fell on the curb of the parking lot, breaking his leg. His medical bills as a result of the injury totaled $2,503.85.

Article 5.06–3 provides that personal injury protection coverage must be included in every automobile liability insurance policy that is issued unless the coverage is rejected in writing by the insured. The coverage is for "liability arising out of the ownership, maintenance or use of any motor vehicle."

The court in *State Farm Mutual Automobile Insurance Company v. Pan American Insurance Company*, 437 S.W.2d 542 (Tex. 1969), considering the issue of what liability coverage was afforded by a policy of insurance containing such language, said:

The general liability coverage of Liggett, the named insured, is written in terms of damages "arising out of the ownership maintenance or use of the" vehicle. The words "ownership", "maintenance" and "use" are distinctly descriptive of particular relationships to the vehicle. . . . The term "use" is the general catchall of the insuring clause, designed and construed to include all proper uses of the vehicle not falling within other terms of definition such as ownership and maintenance. Appleman, Insurance Law and Practice, Volume 7, § 4316(e). . . .

It is said in 6B Appleman, Insurance Law and Practice (Buckley ed.) § 4317, p. 357:

It has been stated that the liability of an insurer under the "ownership, maintenance, or use" provision should be measured in accord with the terms of a policy as understood by a person of reasonable intelligence. The word "coverage" as used in automobile liability policy means the sum of risks which the policy covers. Ownership, maintenance, or use of the automobile need not be the direct and efficient cause of the injury sustained.

Rather, the courts have only required that some form of causal relationship exist between the insured vehicle and the accident. . . .

[redacted] We interpret Article 5.06-3 to require the necessity of some causal relationship existing between the vehicle and the accident before recovery for injuries sustained in an accident could be made under the personal injury protection coverage provided. The stipulated facts in the case at bar clearly establish no causal relationship between the vehicle and the accident. Therefore, the trial court did not err in rendering a take-nothing judgment against Flores. His only point of error is overruled.

The judgment is affirmed.