**Hygirene REDD, a/n/f of Rodney Redd, a Minor, Petitioner,**

v.

**STATE AND COUNTY MUTUAL FIRE INSURANCE COMPANY, Respondent.**

**No. C–3655.**

Supreme Court of Texas.

Feb. 27, 1985.

Delk & Delk, Russell Delk, Dallas, for petitioner.

Oster & Kaufman, Aaron S. Kaufman, Dallas, for respondent.

## ON APPLICATION FOR WRIT OF ERROR

PER CURIAM.

This is a suit to recover personal injury protection (PIP) benefits under an automobile liability insurance policy. The sole issue is whether, as a matter of law, the insured's rejection of PIP coverage was effective at the time of the accident. The trial court rendered summary judgment in favor of State and County Mutual. In an unpublished opinion, the court of appeals affirmed that judgment. We reverse the judgments of the courts below and we remand the cause to the trial court.

In 1982, Rodney Redd was involved in an automobile accident while driving a car belonging to his grandfather, Vince Booty. As next friend, Hygirene Redd sued to recover PIP benefits under an insurance policy issued to Vince Booty by State and County Mutual. The policy was issued on June 21, 1980. At that time, Booty signed a PIP rejection form. The policy was renewed on June 21, 1981. The parties stipulate to the following additional facts: (1) Booty signed no other PIP rejection form after June 21, 1980; (2) Booty made no written request for PIP coverage; (3) Booty never paid any specific premium for PIP coverage.

 The law which controls is the law in effect at the time the insurance policy was issued. *Camden Fire Insurance Ass'n v. Harold E. Clayton & Co.*, 117 Tex. 414, 6 S.W.2d 1029, 1030 (1928); *Lee v. Universal Life Insurance Co.*, 420 S.W.2d 222, 226 (Tex.Civ.App.—Houston [14th Dist.] 1967, writ ref'd n.r.e.); *see also* 12 Appleman, Insurance Law and Practice § 7041 (1981). Article 5.06–3(a) of the Texas Insurance Code, in effect at that time, provided as follows:

No automobile liability insurance policy ... shall be delivered or issued ... in this state unless personal injury protection coverage is provided therein .... The coverage provided in this article shall be applicable unless the insured named in the policy rejects the coverage in writing, *and the coverage shall be provided in or supplemental to a re-*

*newal policy unless it is rejected in writing by the insured named in the policy.*[1]

Under the plain language of the statute, an insurance policy automatically included PIP coverage unless the insured rejected the coverage with each renewal of the policy. Booty's PIP rejection expired on June 21, 1981, the renewal date of the policy. Thereafter, the policy automatically included PIP coverage because State and County Mutual failed to obtain a PIP rejection form at the time the policy was renewed.

The PIP rejection form which Booty signed in 1980 purported to apply to all future renewals of the policy. However, this contractual provision is repugnant to the statute and therefore void. *See Unigard Security Insurance Co. v. Schaefer,* 572 S.W.2d 303, 307 (Tex.1978).

As a matter of law, Booty's insurance policy included PIP coverage. Pursuant to Tex.R.Civ.P. 483, and without hearing oral argument, we reverse the judgments of the courts below and we remand the cause for trial on the merits.

---

**1.** The statute was amended, effective August 1, 1981, to provide that PIP coverage need not be provided in a renewal policy "if the named insured has rejected the coverage in connection with a policy previously issued to him by the same insurer ...."