OPINION
J. CURTISS BROWN, Chief Justice.
This is an action by Michael G. McCalla to recover Personal Injury Protection benefits under a policy issued by State Farm. The 61st District Court, Harris County, entered summary judgment in favor of State Farm and McCalla appeals. The question *519 presented is whether the trial court was correct in holding that Personal Injury Protection (PIP) benefits can be denied on a geographic basis. We agree with the decision of the trial court.
On March 3, 1984, McCalla was involved in an automobile accident on the island of Jamaica. He was hospitalized and treated. He has incurred expenses in excess of $2,500. Before the accident, appellant was issued an insurance policy which was in effect at the time of the accident. This policy contained PIP coverage which was mandated by the Legislature in Article 5.06-3, Tex.Ins.Code Ann. State Farm denied benefits because the policy applied only to accidents and losses which occurred in the United States and its territories or possessions, Puerto Rico or Canada. Thus, State Farm argues, the policy was not in effect when McCalla was driving in Jamaica.
Article 5.06-3, Tex.Ins.Code Ann. provides in part as follows:
(a) No automobile liability insurance policy, ... covering liability arising out of the ownership, maintenance, or use of any motor vehicle shall be delivered or issued for delivery in this state unless personal injury protection coverage is provided therein or supplemental thereto

(e) An insurer shall exclude benefits to any insured, or his personal representative, under a policy required by Section 1, when the insured’s conduct contributed to the injury he sustained in any of the following ways:
(1) Causing injury to himself intentionally-
(2) While in the commission of a felony, or while seeking to elude lawful apprehension or arrest by a law enforcement official.
McCalla argues the only exclusions allowed are those contained in Article 5.06-3(e) and that State Farm cannot exclude coverage based on territorial limitation since it does not fall within the exclusions mandated by the Legislature. When the Legislature specifies a particular extent of insurance coverage, any attempt to void or narrow such coverage is improper and ineffective. Westchester Fire Ins. Co. v. Tucker, 512 S.W.2d 679 (Tex.1974); American Liberty Ins. Co. v. Ranzau, 481 S.W.2d 793 (Tex.1972). When specific exclusions or exceptions to a statute are stated by the Legislature, the intent is usually clear that no other shall apply. State v. Richards, 157 Tex. 166, 301 S.W.2d 597 (1957).
In Unigard Sec. Ins. Co. v. Schaefer, 572 S.W.2d 303 (Tex.1978), the Texas Supreme Court held, in what could be termed firm language, that Article 5.06-3(e) sets forth the only exclusions of PIP benefits authorized by statute. Any attempt to add additional exclusions is repugnant to the statute.
Appellant cites to us additional authority which holds that the only exclusions allowed for denying PIP are those found in Article 5.06-3(e). See Redd v. State and County Mut. Fire Ins. Co., 686 S.W.2d 103 (Tex.1985); Berry v. Dairyland County Mutual Ins. Co. of Texas, 534 S.W.2d 428 (Tex.Civ.App.—Fort Worth 1976, no writ). These authorities are very persuasive as to the public policy intent of the Legislature in enacting Article 5.06-3(a), however, we do not find them controlling in this case.
Unlike the decisions in Unigard and Redd which concerned the validity of written waivers and Berry which dealt with the interpretation of accident in the policy, our question is one of basic policy coverage. No exclusion is involved.
The policy issued to McCalla covered accidents which occurred in the United States, its territories and possessions, Puerto Rico or Canada. It did not apply to Jamaica. While Article 5.06-3(a) dictates the type of coverage which must be provided, it does not dictate where the policy is effective. When McCalla purchased his insurance he knew or should have known that it did not cover accidents which occurred outside the jurisdictional limits stated in the policy. If he wanted a policy with *520 coverage beyond the jurisdictional limits stated then he could have negotiated with the insurer for this extended coverage. An insurance policy is a contract entered into between the parties whereby each party becomes bound by the terms of the agreement. McBroome-Bennett Plumbing, Inc. v. Villa France, Ins., 515 S.W.2d 32 (Tex.Civ.App.—Dallas 1974, writ ref'd n.r.e.).
Other decisions have used the distinction between basic coverage and exclusion. A policy was not in effect when the insured had an accident in a vehicle not covered by the policy. See Hall v. Southern Farm Bureau Casualty Ins. Co., 670 S.W.2d 775 (Tex.App.-Fort Worth 1984, no writ); Holyfield v. Members Mut. Ins. Co., 566 S.W.2d 28 (Tex.Civ.App.-Dallas), writ ref'd n.r.e. per curiam, 572 S.W.2d 672 (Tex.1978). We also note the decision in U.S. Trust & Guaranty Co. v. West Texas State Bank, 272 S.W.2d 627 (Tex.Civ.App.-Eastland 1954, writ dism’d), which was decided before Article 5.06-3(a) was promulgated by the Legislature, but held that a mortgagee was not entitled to recover damages sustained while the owner was driving a vehicle in Mexico, which was outside the territorial limits of the policy.
When Michael McCalla had his accident in Jamaica, he was outside the territorial limits of his policy, therefore, he was outside the basic coverage of his policy.
Appellant’s one point of error is overruled, and the judgment of the trial court is affirmed.