In The



Court of Appeals



Ninth District of Texas at Beaumont



____________________



NO. 09-01-089 CV


____________________



TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, Appellant



V.



JEFF A. STURROCK, Appellee






On Appeal from the 1st District Court


Jasper County, Texas


Trial Cause No. 21952






OPINION


 Jeff A. Sturrock made a claim for personal injury protection ("PIP") benefits for
an injury incurred as he exited his pick-up truck. This litigation ensued after his insurer,
Texas Farm Bureau Mutual Insurance Company, denied the claim. The trial court found
that Sturrock's injuries resulted from a "motor vehicle accident" within the meaning of the
insurance policy. After severing Sturrock's bad faith cause of action into a separate suit,
the trial court entered judgment for $2,555 plus attorney fees on Sturrock's breach of
contract claim. Texas Farm Bureau raises the following issues in its appeal:

 Issue one: Sturrock's insurance policy entitles him to personal injury
protection coverage only for injuries resulting from a "motor vehicle
accident." Sturrock was injured when his foot became entangled when he
got out of his pickup. No other vehicle, person, or object was involved. His
pickup was stopped and turned off, and no portion of Sturrock's body
impacted any portion of the pickup. Using the plain, ordinary meaning of
"motor vehicle accident," was Sturrock involved in a motor vehicle
accident?


 Issue two: Sturrock's insurance policy entitles him to personal injury
protection coverage only for injuries resulting from a "motor vehicle
accident." Does Insurance Code Article 5.06-3 nevertheless require coverage
for an injury that does not result from a "motor vehicle accident"? 

 

 These issues concern the Insurance Code article requiring personal injury protection
("PIP") coverage on automobile liability insurance policies: "No automobile liability
insurance policy . . . covering liability arising out of the ownership, maintenance, or use
of any motor vehicle shall be delivered . . . unless personal injury protection coverage is
provided. . . ." Tex. Ins. Code Ann. art. 5.06-3 (Vernon 1981). "'Personal injury
protection' consists of provisions of a motor vehicle liability policy which provide for
payment to the named insured . . . up to an amount of $2,500 . . . for payment of all
reasonable expenses arising from the accident. . . ." Id. Sturrock's policy requires Texas
Farm Bureau to pay personal injury protection benefits because of bodily injury: "1.
resulting from a motor vehicle accident; and 2. sustained by a covered person." "Covered
person" is defined to include any person occupying the covered auto. The policy states,
"'Occupying' means in, upon, getting in, on, out or off." 

 The agreed statement of facts submitted to the trial court stipulated, in part: 1) the
PIP coverage obligated Texas Farm Bureau to pay benefits because of a bodily injury
"resulting from a motor vehicle accident" sustained by a covered person; 2) Sturrock was
a covered person; 3) after driving his pick-up, Sturrock parked and turned the ignition off;
4) "Sturrock then turned and opened the door, and as he was exiting the vehicle, his left
foot somehow became entangled, and he almost slipped and fell and caught himself, and
that is when he felt the burning in his neck and shoulder area. The exiting the vehicle
caused him to do that."; 5) "He hung his foot on the raised portion of the door facing on
his truck."; 6) "Sturrock somehow injured his neck, shoulder, and upper back as he was
getting out of his pick-up." 7) "Sturrock's injury on April 10 was not caused by an impact
between any portion of his body and any portion of his pickup." Texas Farm Bureau
contends that the incident described in the agreed statement of facts is not an accident for
which benefits would be payable under the policy's personal injury protection coverage
because it did not involve a collision or near collision between the covered motor vehicle
and another vehicle, person or object. 

 Berry v. Dairyland County Mut. Ins. Co. of Tex., 534 S.W.2d 428, 431 (Tex. Civ.
App.--Fort Worth 1976, no writ), held in an appeal from the granting of a plea of privilege
that an injury received by the insured while alighting from his vehicle was an "accident"
within the meaning of Article 5.06-3 of the Insurance Code. Although the endorsement
form utilized by the insurance company on policies like that issued to Berry required that
the injury occur in a "motor vehicle accident," the appellate court reasoned that language
which would narrow the coverage afforded by Article 5.06-3 would be repugnant to the
statute. Berry, 534 S.W.2d at 431. The court reasoned that a reasonable construction of
the phrase would include "an accident sustained in a motor vehicle while the insured was
in the process of alighting therefrom after using same." Id. at 433. Since the insured was
"occupying" a motor vehicle when he was hurt, the injury was covered. Id. The court
relied on Dorsey v. Fidelity Union Casualty Co., 52 S.W.2d 775 (Tex. Civ. App.--Waco,
1932, writ dism'd), where medical payments coverage was found when someone was
injured by the accidental discharge of a gun being loaded into a vehicle, and Southern
Surety Co. v. Davidson, 280 S.W. 336 (Tex. Civ. App.--Fort Worth, 1926, no writ),
where the insured sprained his ankle when he stepped on a brick as he exited his vehicle. 
 Later caselaw sheds more light on the issue. The Eastland Court of Appeals
distinguished Berry on its facts in a PIP case where the insured closed the door to the
vehicle and took four steps before falling. Flores v. Dairyland County Mut. Ins. Co. of
Tex., 595 S.W.2d 893, 894 (Tex. Civ. App.--Eastland 1980, writ ref'd n.r.e.). "We
interpret Article 5.06-3 to require the necessity of some causal relationship existing
between the vehicle and the accident before recovery for injuries sustained in an accident
could be made under the personal injury protection coverage provided." Id. at 895. 

 State Farm Mut. Ins. Co. v. Peck, 900 S.W.2d 910 (Tex. App.--Amarillo 1995, no
writ), involved a claim on an auto liability policy by a passenger bitten by a dog during a
trip to the veterinarian. The Amarillo Court of Appeals held the term "auto accident" to
be an unambiguous term referring to "situations where one or more vehicles are involved
in some type of collision or near collision with another vehicle, object, or person." Id. at
913. The court distinguished accidents where the vehicle is involved in some manner from
accidents that merely take place in or near an automobile. Id. 

 In holding that the victim of a drive-by shooting was not entitled to PIP benefits,
the First Court of Appeals disagreed with Berry. Le v. Farmers Texas County Mut. Ins.
Co., 936 S.W.2d 317, 321 (Tex. App.--Houston [1st Dist.] 1996, writ denied). The court
stated, "Within the context of automobile liability insurance, the legislature intended all
types of coverage, including liability, uninsured motorist and personal injury protection,
to be limited to motor vehicle accident situations. Therefore, when article 5.06--3(b)
refers to 'the accident,' it means the motor vehicle accident for which the legislature
created automobile liability insurance." Id. at 324. The court reasoned that the
instrumentality that caused the plaintiff's injuries was a gun, not the car. Id. at 321. The
same court followed Le in a case that involved a fatal car-jacking. Schulz v. State Farm
Mut. Auto. Ins. Co., 930 S.W.2d 872, 875 (Tex. App.--Houston [1st Dist.] 1996, no writ). 


 Recognizing, "courts in almost all cases have determined that an accident need not
be a collision," the Texarkana Court of Appeals rejected the analysis employed in Le as
"superfluous and unsupported dicta." Mid Century Ins. Co. of Tex. v. Lindsey, 942
S.W.2d 140, 144 (Tex. App.--Texarkana 1997), affirmed, 997 S.W.2d 153 (Tex. 1999). 
On petition for review, the Supreme Court did not discuss the apparent conflict between
the cases, but employed a fresh analysis after considering how the issue had been
addressed in other jurisdictions. Mid Century Ins. Co. of Tex. v. Lindsey, 997 S.W.2d 153
(Tex. 1999). Lindsey involved the underinsured motorist coverage in a case where a boy
climbing in the rear window of a parked pickup dislodged a shotgun, causing it to
discharge buckshot, which struck a person sitting in another parked car. Id. at 154. The
court assumed that the term "accident" required an "auto accident," but nevertheless found
the injuries were caused by an accident within the meaning of the policy. Id. at 155-56.

 In Lindsey, the Supreme Court discussed its earlier decision in Farmers Texas
County Mut. Ins. Co. v. Griffin, 955 S.W.2d 81, 83 (Tex. 1997), which held that a drive-by shooting was not an "auto accident" giving rise to a duty to defend under the policy. 
Lindsey, 997 S.W.2d at 155. The court acknowledged that the term "auto accident" refers
to situations where one or more vehicles are "involved" with another vehicle, object, or
person. Id. (quoting Griffin, 955 S.W.2d at 83, and Peck, 900 S.W.2d at 913). The court
reasoned, "Nothing in the language or holding of either case [Griffin and Peck] suggests
that an 'auto accident' requires a collision or excludes occurrences like the one in this
case." Id. at 156. The court reasoned that for liability to "arise out of" the use of a motor
vehicle, "a causal connection or relation must exist between the accident or injury and the
use of the motor vehicle. Id. at 156. The court adopted the following test:

 For an injury to fall within the "use" coverage of an automobile
policy (1) the accident must have arisen out of the inherent nature of the
automobile, as such, (2) the accident must have arisen within the natural
territorial limits of an automobile, and the actual use must not have
terminated, (3) the automobile must not merely contribute to cause the
condition which produces the injury, but must itself produce the injury.


Id. at 157 (citing 8 Couch on Insurance § 119.37, at 119-56 (1997) and 6B John A.
Appleman, Insurance Law And Practice (Buckley ed.) § 4317, at 367-69 (1979)). 

 The cases here cited address several different liability provisions of motor vehicle
insurance policies. Ultimately, the primary distinction is between those cases where the
vehicle is only incidentally involved and provides the "mere situs" for an incident that
could have occurred anywhere, and those cases where the injury-producing act involved
the use of a vehicle as a vehicle. In Lindsey, the boy's purpose was to gain entry to the
truck and his contact with the gun was entirely inadvertent. Id. at 158. The boy's efforts
to enter the vehicle caused the gun to discharge. Id. 

 The inherent nature of a pickup truck is an instrument of conveyance, the use of
which necessitates both mounting and dismounting. Sturrock was engaged in the process
of exiting the truck when his foot got caught on a part of the truck itself. No intervening
instrumentality disrupted the causal chain between the use of the vehicle as a vehicle and
the injury resulting from that use. 

 Texas Farm Bureau argues that "auto accident" requires a collision or near collision
between objects. We note that "collision" is defined in the property damage portion of the
policy, and the liability portion of the policy is not limited to "collision." Viewing the
policy as a whole, the term "motor vehicle accident" does not necessitate any physical
impact, provided the facts demonstrate causation between the use of the vehicle and the
accidental injury incurred by the covered person. Had the vehicle been moving, and had
Sturrock been dragged along the ground because his foot was hung up on the door, there
would be no impact between the person and the vehicle, but clearly the injury would have
been "produced" by the vehicle. Here, the pickup was stationary, but Sturrock was still
actively engaged in the act of using the truck as a means of transportation from one place
to another. 

 Accepting Texas Farm Bureau's premise that the policy term "motor vehicle
accident" may be construed to require more than "accident," we hold that, consistent with
the Supreme Court's interpretation of auto accidents, the event that resulted in Sturrock's
injury was a "motor vehicle accident" within the meaning of his automobile policy. Issues
one and two are overruled. The judgment is affirmed.

 AFFIRMED.



 ______________________________

 RONALD L. WALKER

 Chief Justice



Submitted on October 4, 2001

Opinion Delivered December 6, 2001

Publish


Before Walker, C.J., Burgess and Gaultney, JJ.



DISSENTING OPINION



 I respectfully dissent. In Farmers Tex. County Mut. Ins. Co. v. Griffin, 955 S.W.2d
81, 83 (Tex. 1997), the Texas Supreme Court held that the term "auto accident" is
unambiguous and approved the following definition used by the Amarillo Court of
Appeals:

 "The term 'auto accident' refers to situations where one or more vehicles are
involved with another vehicle, object, or person." State Farm Mut. Ins. Co.
v. Peck, 900 S.W.2d 910, 913 (Tex. App.--Amarillo 1995, no writ). 


Similarly, the term "motor vehicle accident" is unambiguous and, like the term "auto
accident," refers to situations where one or more vehicles are involved with another
vehicle, object, or person. 

 Tripping while getting out of a vehicle is not what comes to mind when one hears
the term "motor vehicle accident" or "auto accident." Sturrock admitted as much in
response to appellant's request for admission when he stated: "Admit I was not involved
in an [sic] 'motor vehicle accident', but I was involved in an accident involving a motor
vehicle."

 I believe this case is governed by Griffin. I would reverse and render judgment that
the injuries here did not result from a motor vehicle accident.


 _________________________________

 DAVID B. GAULTNEY

 Justice


Dissent Delivered 

December 6, 2001

Publish